# JOHNSON v. UNITED STATES.

## APPEAL FROM THE COURT OF CLAIMS.

No. 325.　Argued November 11, 1895. — Decided January 13, 1896.

The act of March 3, 1891, c. 538, concerning Indian depredations, confers, by § 1, clause 1, no jurisdiction upon the Court of Claims to adjudicate upon such a claim, made by a person who was not a citizen of the United States at the time when the injury was suffered, although he subsequently became so; nor by § 1, clause 2, unless the claim was one which, on March 3, 1885, had either been examined and allowed by the Department of the Interior, or was pending therein for examination.

On March 3, 1891, Congress passed an act, 26 Stat. 851, c. 538, vesting certain jurisdiction in the Court of Claims, the material portion of which is found in the first section, and reads as follows:

"That in addition to the jurisdiction, which now is, or may hereafter be, conferred upon the Court of Claims, said court shall have and possess jurisdiction and authority to inquire into and finally adjudicate, in the manner provided in this act, all claims of the following classes, namely:

"First. All claims for property of citizens of the United States taken or destroyed by Indians belonging to any band, tribe, or nation, in amity with the United States, without just cause or provocation on the part of the owner or agent in charge, and not returned or paid for.

"Second. Such jurisdiction shall also extend to all cases which have been examined and allowed by the Interior Department and also to such cases as were authorized to be examined under the act of Congress making appropriations for the current and contingent expenses of the Indian Department, and for fulfilling treaty stipulations with various Indian tribes for the year ending June thirtieth, eighteen hundred and eighty-six, and for other purposes, approved March third, eighteen hundred and eighty-five, and under subsequent acts, subject, however, to the limitations hereinafter provided."

The act of March 3, 1885, c. 341, referred to in this second clause, is found in 23 Stat. 362 and following, and the clause providing for examination is on page 376, and is as follows:

"For the investigation of certain Indian depredation claims, ten thousand dollars; and in expending said sum the Secretary of the Interior shall cause a complete list of all claims heretofore filed in the Interior Department and which have been approved in whole or in part and now remain unpaid, and also all such claims as are pending but not yet examined, on behalf of citizens of the United States on account of depredations committed, chargeable against any tribe of Indians by reason of any treaty between such tribe and the United States, including the name and address of the claimants, the date of the alleged depredations, by what tribe committed, the date of examination and approval, with a reference to the date and clause of the treaty creating the obligation for payment, to be made and presented to Congress at its next regular session; and the Secretary is authorized and empowered, before making such report, to cause such additional investigation to be made and such further testimony to be taken as he may deem necessary to enable him to determine the kind and value of all property damaged or destroyed by reason of the depredations aforesaid, and by what tribe such depredations were committed; and his report shall include his determination upon each claim, together with the names and residences of witnesses and the testimony of each, and also what funds are now existing or to be derived by reason of treaty or other obligation out of which the same should be paid."

The subsequent acts (May 15, 1886, c. 333, 24 Stat. 29, 44; March 2, 1887, c. 320, 24 Stat. 449, 464; June 29, 1888, c. 503, 25 Stat. 217, 234; March 2, 1889, c. 412, 25 Stat. 980, 998; August 19, 1890, 26 Stat. 336, 356) simply make additional appropriations for the examination of the same claims.

On June 20, 1891, claimant filed his petition in the Court of Claims to recover for property taken from him on June 10, 1866, by the Ute Indians. Subsequently, and on November 17, 1893, he filed an amended petition, containing these allegations:

" Your petitioner, Benjamin H. Johnson, a resident of Scipio, Millard County, in the Territory of Utah, and a citizen of the United States, respectfully shows :

" That he was not a citizen of the United States on or about the 10th day of June, 1866, the date of the loss hereinafter described, not having taken out his final citizenship papers until 1873.

" That he moved to the United States in 1848, when he was 13 years old, and has resided here ever since, and was a citizen of the United States at the date of the passage of the Indian depredation law of March 3, 1891.   26 Statutes, chapter 538, p. 851.

" That it is admitted in allowing claims for Indian depredations under the act of March 3, 1885, chapter 341, (1 Sup. R. S. 2d ed. p. 913, note,) it has been the practice of the Interior Department to interpret the words ' citizens of. the United States,' therein used, as meaning only those who were citizens or had declared their intention to become citizens at the time the depredations were committed, and such citizenship was found when neither alleged nor testified to where the contrary did not appear.

    *        *        *        *        *

" That this claim was never presented to the Commissioner of Indian Affairs nor to Congress, nor any agent nor department of the government."

Whereupon the defendants moved to dismiss on the ground that " the claimant was not a citizen of the United States at the time of the depredation alleged to have been committed," which motion was sustained, and on December 4, 1893, a judgment entered dismissing the case for want of jurisdiction. 29 C. Cl. 1.

*Mr. John Wharton Clark* for appellant.

*Mr. Assistant Attorney General Howry* for appellees.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

The principal question turns on the matter of citizenship. Claimant was a citizen at the time of the passage of the act of 1891, but not when the wrongs complained of were committed. Had the Court of Claims jurisdiction?

That court has no general jurisdiction over claims against the United States. It can take cognizance of only those matters which by the terms of some act of Congress are committed to it. *Schillinger* v. *United States*, 155 U. S. 163.

Congress did not by the act of 1891 assume in behalf of the United States responsibility for all acts of depredation by Indians, nor grant to the Court of Claims authority " to inquire into and finally adjudicate " all claims therefor. It carefully specified those which might be considered by that court.

By the first clause jurisdiction is given of " claims for property of citizens of the United States taken or destroyed." But claimant has no such claim. It is for property of an alien, taken and destroyed. True, he is now a citizen, and was at the time of the passage of the act. But the language is not " claims of citizens for property," which might include his case. The definition is of the character of the claim and not of the status of the claimant; if the property was not when taken or destroyed the property of a citizen, a claim therefor was at that time clearly outside the statute; and while the status of the claimant may have changed, the nature of the claim has not. Suppose the property taken or destroyed had at the time belonged to a citizen, and an alien had succeeded by inheritance to the right to recover compensation for its loss or destruction, is it not clear that such alien would have a claim within the very terms of the act for property of a citizen taken and destroyed, and upon what construction of its language could the court have refused to take jurisdiction.

Further, the property must have been taken or destroyed by Indians " in amity with the United States." Clearly that refers to the status of the Indians at the time of the depredation. Any other construction would lead to manifest absurdities. The certainty of this date renders equally certain the date at which citizenship must exist in the owner of the property taken or destroyed.

Much was said in argument and many authorities are cited in the briefs in respect to the difference between retrospective and prospective statutes, but we fail to see the pertinency of this discussion. Obviously the act is prospective in its operation, in that it grants to the Court of Claims a jurisdiction it did not theretofore possess, and authorizes it in the future to hear and determine certain claims. But as to the claims thus committed to its consideration the statute is expressly retrospective. The last proviso in section 2 reads : " *And provided further*, That no suit or proceeding shall be allowed under this act for any depredation which shall be committed after the passage thereof." The only question for determination in this case is whether the claim presented is within either of the classes of past wrongs which are submitted by the act to the jurisdiction of the court. And, for the reasons given, we are clear that it does not come within the first clause defining such jurisdiction.

Is it within the second clause ? By that, jurisdiction is extended to " cases which have been examined and allowed by the Interior Department, and also to such cases as were authorized to be examined under the act of Congress " of March 3, 1885, and subsequent acts. As the claimant alleges in his petition that his claim was never presented to the Commissioner of Indian Affairs, nor to Congress, nor any agent, nor department of the government, it was not a case which had been examined or allowed by the Interior Department, and does not come under the first of the two classes named. We turn, therefore, to the act of March 3, 1885, to see what cases were authorized to be examined under it.

It appropriates ten thousand dollars for the investigation of certain Indian depredation claims, and in describing them it mentions such claims as had been theretofore filed in the Interior Department and approved in whole or in part, and adds " also all such claims as are pending but not yet examined, on behalf of citizens of the United States on account of depredations committed." In order to come within the second class, the claim must be one on behalf of a citizen of the United States, and also one pending but not yet examined.

If it be assumed that claimant was on March 3, 1885, a citizen, as may be inferred from the language of the petition, although not explicitly averred, the question arises whether the different phraseology of that act would include a claim in his favor, although he was not a citizen at the time of the depredation. But passing that question, the claim must be one then " pending but not yet examined," and this language, taken in connection with the words descriptive of the prior class, manifestly refers to such claims as had been presented for examination, and so, in a technical sense of the term, were pending, and does not embrace all cases of depredations, whether claims therefor had been presented or not.

We are aware of the fact that the Interior Department, acting under an opinion of its chief law clerk, of August 23, 1886, has construed the authority given by the second clause of this act to reach to all claims existing and not barred, whether at the date of the act on file or not in the Interior Department. We quote from that opinion, approved bv the Assistant Secretary, as follows :

" I am of the opinion, however, that all claims that were not barred March 3, 1885, are included within the claims to be investigated, although filed after the passage of either the act of 1885 or 1886, because the act of May 29, 1872, and the rules and regulations made in pursuance thereof, require the Secretary of the Interior to investigate such claims and make report thereof to Congress in the same manner as provided for by the act of March 3, 1885. This act and the rules and regulations adopted by the Secretary, as provided for by said act, are not repugnant to any provision of section 2156, but provide for the enforcement and execution of that section. As no statutory bar attaches to any claim for depredations committed since the adoption of the Revised Statutes, such claims may be filed at any time."

We are unable to concur in the views thus expressed. Without stopping to inquire whether § 2156, Rev. Stat., may or may not be repealed by this act of March 3, 1885, and conceding for the purposes of this case that such section remains in full force and effect, we are of the opinion that the act of

March 3, 1885, is special and limited in its scope. It purports to be limited, for it is for the investigation of " certain Indian depredation claims." Not only is it by these words restricted, but the meagreness of the appropriation, $10,000, indicates the narrowness of the investigation intended, and the limited number of claims which were designed to be examined. The claims to be reported are defined. First, those which "have been approved." This necessarily limits, so far as this portion of the section is concerned, the report to those claims presented, considered, and acted upon by the Interior Department. It refers to what has been and not to what may be. It defines and includes not claims which might thereafter be presented and investigated, but those which at the date of the act had been finally passed upon and determined by the Interior Department. There is no possibility of construction which would open this clause to include any claims other than those already considered and determined by the department. The other clause of the section describes " such claims as are pending, but not yet examined." That either means such claims as have been already presented and are before the department for consideration, or it includes all unallowed claims then existing and not barred. If the latter was the thought of Congress in this enactment, there was no need of a division into classes, for the one description of claims existing would include all, both those allowed and those not yet examined and allowed ; those filed and those not filed. The obvious intent was not to reach all Indian claims, but. to call from the Interior Department a statement of the claims then before the department, and upon such presentation to determine its future action. And the purpose of the second clause in the act of March 3, 1891, was to take the cases which on March 3, 1885, were pending in the department and transfer them in bulk to the Court of Claims.

It follows, therefore, that this claim having never been filed in the department, does not come within the category of claims provided for in the second clause of the act conferring jurisdiction upon the court.

It was further insisted in the argument that the claimant

had taken out his first papers at the time of the depredation, and therefore that when he took out his final papers citizenship related back, and he was entitled, for all the benefits of this act, to claim the privileges of citizenship from the date of his first papers. But there is nothing in his petition to show when he took them out, and therefore the contention, if it had any foundation in law, has none in fact. It is true, mention is made in the opinion of the Court of Claims of the time of taking out his first papers, but we cannot act upon any such statement, but must be governed by the averments of the petition..

We see nothing else in the record which requires comment. The judgment of the Court of Claims was correct, and it is

*Affirmed.*