# MATSON NAVIGATION CO. *v.* UNITED STATES.

No. 137.   Argued December 9, 1931.—Decided January 4, 1932.

*Mr. Gregory A. Harrison,* with whom *Messrs. Herman Phleger, Maurice E. Harrison,* and *William G. Feely* were on the brief, for petitioner.

*Mr. Claude R. Branch,* with whom *Solicitor General Thacher, Assistant Attorney General Rugg,* and *Mr. H. Brian Holland* were on the brief, for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on certiorari, to review a judgment of the Court of Claims dismissing the petition for want of jurisdiction. 72 Ct. Cls. 210.

The suit was brought upon a petition which alleged facts as follows: On October 15, 1917, the United States Shipping Board, under the Urgent Deficiencies Appropri-

ation Act of June 15, 1917, c. 29, 40 Stat. 182, 183, and an Executive Order promulgated by the President on July 11, 1917, requisitioned for use by the United States seven merchant vessels then owned and operated by petitioner. On December 29, 1917, the Government, acting through the Shipping Board, entered into a contract for the operation of each ship by petitioner under a " requisition charter," the form of which was attached. It was agreed that petitioner " in consideration of the compensation provided [by the requisition charter] and the other obligations assumed by the United States . . . accepts this Requisition Charter in full satisfaction of any and all claims he has or may have against the United States arising out of the Requisition, and accepts the compensation herein provided for as the just compensation required by law . . . ."

The attached form contained numerous clauses dealing with matters commonly covered by time charters. It provided that the vessel should remain in the service of the United States, to be employed as it might determine, but that petitioner should operate the vessel, furnish crew and equipment, and pay for provisions, wages, shipping fees, and supplies. The United States agreed to pay to petitioner, in addition to certain enumerated expenses of maintenance and operation of the vessel, ship hire at the monthly rate established by the Shipping Board for vessels of like description, but with provision for terminating the charter by petitioner if the rate should be less than a specified minimum. By the tenth clause of the charter, with which we are chiefly concerned, the Government agreed to reimburse petitioner " for any proper increases in wages and bonuses over the standard prevailing 1 August, 1917, for master, officers, and crew. . . . "

Acting under the charters, petitioner from time to time credited the Government on its books with sums received on its account, and charged it with items due petitioner,

including payments of increased wages and bonuses. On October 18, 1926, petitioner entered into a second agreement with the Government, accepting a specified amount in full satisfaction of all its demands except one for the sum of $49,373.11, claimed under Clause Tenth, for the recovery of which the present suit was brought.

The Court of Claims made a special finding that the petitioner, after the petition was filed, had brought separate suits against the United States in the District Court of the United States for Northern California, to recover the amounts alleged to have been paid by it as increased wages and bonuses, and granted the Government's motion to dismiss on the sole ground that the pendency of the suits in the District Court deprived it of jurisdiction to proceed with the cause by virtue of § 154 of the Judicial Code, c. 231, 36 Stat. 1087, 1138. This section forbids prosecution in the Court of Claims of any claim for which suit is " pending in any other court . . . against any person who, at the time when the cause of action . . . arose, was, in respect thereto, acting . . . under the authority of the United States."

Petitioner insists that the jurisdiction of the Court of Claims is unaffected by the suits pending in the District Court, since § 154 denies jurisdiction to the Court of Claims only when an agent of the United States is sued simultaneously in another court; here, the United States is the defendant. The Government does not press the contention upheld by the Court of Claims, that its jurisdiction was ousted by the pendency of the petitioner's suits in the District Court. Although they were not within the language of the section, they were nevertheless regarded as within its assumed purpose to prevent the prosecution at the same time of two suits against the Government for the same cause of action. But the declared purpose of the section (originally enacted as § 8 of the Act of June 25, 1868, 15 Stat. 77, c. 71) was only

to require an election between a suit in the Court of Claims and one brought in another court against an agent of the Government, in which the judgment would not be *res adjudicata* in the suit pending in the Court of Claims (Statement of Senator Edmunds, Chairman of the Judiciary Committee, in reporting the bill to the Senate, Cong. Globe, 40th Cong., 2nd Sess., 1868, p. 2769). See *Sage* v. *United States,* 250 U. S. 33, 37; and compare *Southern Pacific R. Co.* v. *United States,* 168 U. S. 1, 48, 49, holding otherwise as to a judgment obtained in a suit brought against the United States in a District Court. As the words of the section are plain, we are not at liberty to add to or alter them to effect a purpose which does not appear on its face or from its legislative history. *Corona Coal Co.* v. *United States,* 263 U. S. 537, 540.

In supporting the judgment of dismissal below, the Government relies on the Suits in Admiralty Act of March 9, 1920, c. 95, 41 Stat. 525, 526, 527, 528, by which, it is contended, jurisdiction over the asserted cause of action is vested exclusively in courts of admiralty. Section 1 of the Suits in Admiralty Act forbids the arrest or seizure of vessels owned or operated by or for the United States. Section 2 provides that where a proceeding in admiralty could be maintained, if at the time of the commencement of the action such vessel were privately owned or operated, " a libel in personam may be brought against the United States . . . provided that such vessel is employed as a merchant vessel . . .," and that " such suits shall be brought in the district court of the United States . . ."

Under these sections, jurisdiction of maritime causes of action against the United States, arising out of the operation of merchant vessels for it, is vested exclusively in the district courts. *Johnson* v. *U. S. Shipping Board Emergency Fleet Corporation,* 280 U. S. 320; *U. S. Shipping Board Emergency Fleet Corporation* v. *Rosenberg*

*Bros. & Co.*, 276 U. S. 202. The language of § 2 is general, embracing suits on maritime causes of action by owners, as well as by third persons injured by the operation for the Government of merchant vessels. See *Eastern Transportation Co.* v. *United States,* 272 U. S. 675, 689 *et seq.*

Petitioner argues that the Suits in Admiralty Act is not applicable, because the cause of action here alleged is non-maritime in character; it contends that the so-called requisition charter is not a time charter but a mere agreement for just compensation for the requisitioned ships, which may be recovered in the Court of Claims. But we think the cause of action is maritime, arising out of the express contract for the operation of vessels for the United States, and is not shown to be within the jurisdiction of the court below.

It is true that under § 145 of the Judicial Code, c. 231, 36 Stat. 1087, 1136, the Court of Claims has jurisdiction of claims for just compensation for property requisitioned by the United States, but such is not the cause of action alleged. Subdivision (e) of the Emergency Shipping Fund provisions of the Urgent Deficiencies Appropriation Act of June 15, 1917, authorized the requisition of the title or possession of ships " for use or operation by the United States." It required just compensation for requisitioned ships to be fixed by the President, and provided, in case the amount was unsatisfactory to the person entitled to compensation, that 75% of it should be paid and that suit might be brought against the United States to recover such further amount as, with that already paid, would make up just compensation.

But upon seizure of the petitioner's vessels, this procedure was abandoned. By the agreement with the Shipping Board, the requisition charter was substituted for petitioner's right to receive just compensation under the Constitution and the statute. The substituted contract

conferred new and different rights upon petitioner and subjected it to new obligations, not flowing from the requisition. The requisition of the ships imposed no duty on petitioner to operate them or to pay expenses of operation and maintenance after their seizure. That duty and petitioner's right to compensation for the performance of it and its right to be reimbursed for increased costs of operation, one of which is the subject of the present suit, arose from the contract alone. Such compensation and reimbursement are not included in just compensation for the requisition, even though waiver of the constitutional right was part consideration for the obligation to pay for the operation of the ships. The stipulated monthly payments to petitioner for ship hire were not measured by the just compensation which petitioner would otherwise have been entitled to receive and might, in fact, be either more or less. The effect of the agreement was to release petitioner's rights, growing out of the requisition, and to define the rights of the parties with respect to the use of petitioner's ships and the compensation for them, as effectively and completely and with the same consequences as though no requisition had ever been made.

We need not examine the requisition charter with meticulous care to see whether it is in all respects identical with the usual charter party, which, as petitioner concedes, is maritime. *Morewood* v. *Enequist*, 23 How. 491. It is enough that the right asserted is upon express contract with the shipowner for its operation of the ship for the Government, and stipulates compensation both for use of the ship and for service rendered and expense incurred in its operation and maintenance, all of which undertakings are characteristically within the admiralty jurisdiction. Compare *New Jersey Steam Navigation Co.* v. *Merchants' Bank*, 6 How. 344, 392; *The Thomas Jefferson*, 10 Wheat. 428, 429; *The Eddy*, 5 Wall. 481, 494; *The General Smith*, 4 Wheat. 438; *James Shewan & Sons* v.

*United States,* 266 U. S. 108; *The Arlyn Nelson,* 243 Fed. 415; 3 Benedict, Admiralty (5th ed.) 82–96.

Petitioner also asserts that the present cause of action is not maintainable under the Suits in Admiralty Act because it does not appear that it arose out of the operation of the ships as merchant vessels. The Government argues that it is inferable from certain allegations in the petition, read in the light of the requisition charter, that the vessels were so used; but we do not stop to consider the argument. The burden rested upon petitioner to allege and prove a cause of action within the jurisdiction of the Court of Claims. *Johnson* v. *United States,* 160 U. S. 546, 552–553; *Merritt* v. *United States,* 267 U. S. 338; *Contzen* v. *United States,* 179 U. S. 191, 192. As the suit is against the United States upon a maritime cause of action growing out of the operation of ships for the Government, the Court of Claims is without jurisdiction if the vessels in question were operated as merchant vessels, and as the petition does not allege that they were otherwise operated, it fails to state a cause of action within the jurisdiction of the Court of Claims. As the want of jurisdiction is of the subject matter, it may be considered, and appropriate judgment given, at any stage of the proceedings, either here or below. *Hilton* v. *Dickinson,* 108 U. S. 165, 168; *Gainesville* v. *Brown-Crummer Co.,* 277 U. S. 54, 59. See *Grace* v. *American Central Ins. Co.,* 109 U. S. 278, 283–284; *Börs* v. *Preston,* 111 U. S. 252, 255.

Section 2 of the Merchant Marine Act of June 5, 1920, c. 250, 41 Stat. 988, 989, did not, as petitioner contends, restore to the Court of Claims the jurisdiction previously withdrawn from it by the Suits in Admiralty Act. It repealed the Emergency Shipping Fund provisions of the Act of June 15, 1917, and imposed upon the Shipping Board the duty of carrying out all contracts lawfully entered into under the repealed Act, and of settling " all matters aris-

ing out of or incident to the exercise by or through the President of any of the powers or duties conferred or imposed upon the President." It preserved to every suitor " the same right to sue the United States as he would have had if the decision had been made by the President of the United States under the acts hereby repealed." Assuming, without deciding, that the present claim is one which the Board was authorized to settle, we think it clear that the Act did not purport to enlarge existing remedies or establish a new procedure for the enforcement of maritime obligations which, like the present, are embraced within the Suits in Admiralty Act.

We have considered, but find it unnecessary to discuss, other less substantial grounds advanced for denying the applicability of the Suits in Admiralty Act. The judgment will be affirmed, but without prejudice to an application by the petitioner to the court below, if so advised, for leave to amend the petition.

*Affirmed.*