Littleton, Judge,
delivered the opinion of the court:
The decision in the instant case is controlled by the decision of this court in Miller v. United States, 69 C.Cls. 750, allowing the claim for one year’s allowances for an officer of the Army wholly retired for physical disability not the result of an incident of service.
Counsel for defendant contend, however, that the Miller case is not applicable for the reason that in the case at bar the incapacity for which plaintiff was retired resulted from his own misconduct.
Section 1252 of the Revised Statutes, making provision for Army retirements, provides that “When the Board finds that an officer is incapacitated for active service, and that his incapacity is not the result of any incident of the service, and its decision is approved by the President, the officer shall be retired from active service or wholly retired from the service as the President may determine.”
Section 1275 provides that “ Officers wholly retired from the service shall be entitled to receive, upon their retirement, one year’s pay and allowances of the highest rank held by them, whether by staff or regimental commission, at the time of their retirement.”
And section 1622 of the Revised Statutes provides that “ The commissioned officers of the Marine Corps shall be retired in like cases, in the same manner, and with the same relative conditions in all respects, as are provided for officers of the Army * *
The claim presented by plaintiff falls squarely within the provisions of the statutes and we cannot engraft upon them the exception contended for by counsel for the defendant, namely, that the authorized allowances shall not be paid if the cause for which the officer was retired was the result of his voluntary conduct. The one year’s pay and allowances go together under the statute and we are unable to find any *486 reason for excluding the allowances and holding that the officer is entitled only to one year’s pay. “As the words of the section are plain, we are not at liberty to add to or alter them to effect a purpose which does not appear on its face or from its legislative history.” Matson Navigation Co. v. United States, 284 U.S. 352, 356. The purpose of the enactment of the statute in question was to recompense, to some-extent, a person for the time he had served the United States — a recognition of the value of services he had performed before it became necessary to remove him from the rolls — and to provide him with a means of livelihood until he could find other employment. It does not seem open to-question that, in enactment of the statute, the Congress must have considered that the personal misconduct of an officer would constitute a ground for wholly retiring him from the service.
We are of opinion that plaintiff is entitled to recover and judgment in his favor for $1,398 will be entered. It is so ordered.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.