**AMERICAN FOMON CO. et al. v. UNITED DYEWOOD CORPORATION et al.**

*District Court, S. D. New York.*

Sept. 19, 1938.

Darby & Darby, of New York City, (William A. Strauch, of Washington, D. C., of counsel), for plaintiffs.

Appleton, Rice & Perrin, of New York City (T. F. Davis Haines, of New York City, of counsel), for American Dyewood Corporation, American Dyewood Co. and Amdyco Corporation.

Jeffery, Kimball & Eggleston, of New York City (O. W. Jeffery and R. Hicks, both of New York City, of counsel), for American-La France-Foamite Corporation and American-La France and Foamite Industries, Inc.

CAFFEY, District Judge.

■ So far as concerns the pertinent substantive law, I find no occasion to go further than to rely on the opinion of Judge Bondy dated July 5, 1938.[1] Insofar as I deal with the same matters now, that is binding on me. Commercial Union of America v. Anglo-South American Bank, 2 Cir., 10 F.2d 937. Moreover, I agree with it.

I think it clear that this court has no jurisdiction of the amended bill any more than it had of the original bill. I do not think the changes have cured essential defects found by Judge Bondy.

It is true that his order of July 16, 1938, did not direct that the causes of action be separately stated and numbered. I take it that his reason for this was that he dismissed the bill. True he granted leave to amend, without prescribing as a condition that the amended bill separately state and number the causes of action. Yet it seems to me implicit in his opinion that he thought that in the amended bill there should be separate statement and numbering of the causes of action. This seems to be so because in his opinion he definitely said that (1) the bill "sets forth several causes of action" and (2) he did not intimate a view as to "the sufficiency of the allegations of any of the causes of action."

Paragraph 26 of the amended bill omits a single word; paragraphs 28, 30, 31, 33, 43 and 45 contain minor additions, which are unsubstantial; paragraph 29 substitutes "another" for "a later;" and paragraph 37 by typographical error uses "cover," where manifestly "over" is intended. These alterations are immaterial to any issue now involved and will be ignored.

■ Paragraphs 3 (c) and 46 allege the amount in controversy in each separate cause of action. In form, however, it is not stated, in conformity with subdivison (1) of Section 24 of the Judicial Code, 28 U.S.C.A. § 41(1), that such amount is "exclusive of interest and costs." This fault is insignificant and can be easily corrected. It will, therefore, be disregarded.

■ In paragraph 3 (d) Section 737 of the Revised Statutes, 28 U.S.C.A. § 111, is set up as a ground of jurisdiction. Obviously, however, this provision has no bearing on jurisdiction. I read nothing to the contrary in Brown v. Guarantee Trust & Safe-Deposit Co., 128 U.S. 403, 9 S.Ct. 127, 32 L.Ed. 468. The section merely deals with instances where parties are not served or are not inhabitants of or found in the district of suit. Here all parties have appeared generally and none of them has contested venue. In determining the question of jurisdiction here we are confined to Section 24 of the Judicial Code.

In paragraphs 3 (a) and 3 (b) the plaintiffs rely exclusively on two clauses of Section 24. These are subdivision (7), relating to the patent laws of the United States, and subdivision (1) (b), relating to diversity of citizenship. The issue of jurisdiction turns exclusively on those clauses.

In paragraph 1 (b) of the amended bill the Delaware plaintiff says it does not join the Delaware defendant in causes of action later set forth "for unlawful appropriation of the invention of Urquhart prior to the issue of the patent thereon." In paragraph 1 (c) the Pennsylvania plaintiff says he does not join the Pennsylvania defendant in causes of action "for personal damages due to his (the Pennsylvania plaintiff's) being deprived of gainful employment and for unlawful appropriation of his invention prior to the issuance of the patent thereon." Of the causes of action thus alleged to be excepted the plaintiffs concede, as is manifestly true, that this court has no jurisdiction. In the fourth and fifth prayers also the plaintiffs undertake to recast their demands for relief to correspond with

[1] No opinion for publication.

the amendments of paragraphs 1 (b) and 1 (c) of the new bill.

Inasmuch as, without dispute, there is jurisdiction of a cause of action for patent infringement, the prayers dealing with that phase of the bill need not be mentioned. Other supplements to the prayers need not be considered, as will hereafter appear.

As presented by the parties, the jurisdictional controversy turns chiefly, if not wholly, on the portions of paragraphs 1 (b) and 1 (c) added in the body of the amended bill. It is doubtful if the fourth and fifth prayers for relief cut any figure in reaching a conclusion; but that I do not determine.

■ In his opinion Judge Bondy stated that the original bill contained "several" causes of action. In their brief the plaintiffs identify, by paragraph numbers, five causes of action in the amended bill. For present purposes there is no need for deciding how many there are. Whatever the number, I am persuaded that, on the motions under consideration, the least relief the court can afford the defendants is to require the plaintiffs separately to state and number the causes of action. In this respect, however, I feel that the plaintiffs should be left free to formulate their own fresh pleading if leave to plead over be granted at all.

I shall not go into the law as it stood prior to the coming into operation of the Rules of Civil Procedure for district courts recently adopted by the Supreme Court. 28 U.S.C.A. following section 723c. It is plain that Rule 10(b) confers on this court power to compel different causes of action to be stated in separate counts.

■ Do the rules apply to this case? I think they do.

The rules are now in effect. The present action was pending when they took effect. I am clear that it would be feasible and would not work injustice to apply them to the action. Indeed, if the authority to apply them exists, I am convinced that, in so far as the issue under consideration is concerned, it would be unjust to the defendants, as well as a great inconvenience to the court itself, not to apply them.

This brings us to the question of jurisdiction. Has the court jurisdiction of the suit as stated in the amended bill?

■ It is without dispute that if the allegations of patent infringement were the only reliance of the plaintiffs, there would be jurisdiction. It is equally incontrovertible, as in essence Judge Bondy has held, that there is not jurisdiction, predicated solely on the diversity of citizenship provision of Section 24 of the Judicial Code, of the causes of action which rest on allegations apart from patent infringement (paragraphs 4 to 39). As I see it, mere disclaimer of seeking a decree against two of the defendants by two citizens of the same States, respectively, of which those defendants are residents and citizens, with respect to some of the charges made in the amended bill does not cure the defect of lack of jurisdiction which Judge Bondy held existed under the original bill.

■■ It is settled by a long line of decisions of the Supreme Court that there is always a presumption against jurisdiction of any cause by a United States district court; also that in a diversity of citizenship case, unless jurisdiction be made affirmatively to appear, it is the duty of the district court to dismiss the suit. See, for example, Grace v. American Cent. Ins. Co., 109 U.S. 278, 283, 284, 3 S.Ct. 207, 27 L. Ed. 932; Matson Navigation Co. v. United States, 284 U.S. 352, 359, 52 S.Ct. 162, 76 L.Ed. 336.

There are numerous reasons why the disclaimers in paragraphs 1 (b) and 1 (c) do not cure the defects of jurisdiction found by Judge Bondy. I think those are plain. I shall not attempt to state all of them. It is enough to point out that, aside from the cause of action for patent infringement, the stating part of the amended bill (paragraphs 4 to 39) is that the Delaware defendant violated the rights of the Delaware plaintiff and that the Pennsylvania defendant violated the rights of the Pennsylvania plaintiff; also that the 7th, 13th and 14th prayers (precisely as in the original bill) seek decrees in favor of all the plaintiffs against all the defendants and that probably, under the allegations of the amended bill, the relief claimed in the tenth prayer by all the plaintiffs against all the defendants does not necessarily rest exclusively on the charge of patent infringement. In other words, two things are clear: (1) apart from the prayers, the Delaware and Pennsylvania plaintiffs seek to litigate with defendants who are citizens and residents of those States issues between them respectively set up in the amended bill,—thus debarring or possibly debarring from relitigation the same is-

sues in another action, though relief in regard to them be not included in the final decree herein (cf. United States v. Moser, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262; Nashville, C. & St. L. Ry. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A. L.R. 1191),—and the prayers neutralize, or undertake to abandon, the disclaimers included in paragraphs 1 (b) and 1 (c) of the bill.

If this court holds that there is jurisdiction, then, as matter of course, the defendants of the same States as the disclaiming plaintiffs must answer the allegations in paragraphs 4 to 39. Those defendants must put in evidence if they are to escape adverse findings of fact. So also the court must make findings on those issues. Will not those findings be res judicata unless the objecting defendants appeal and secure a reversal? I fear they would be. If so, the moving defendants who are citizens of the same States as some of the plaintiffs would suffer grave injustice. Even doubt as to jurisdiction is sufficient ground for either rejecting it or at least shaping the litigation so as certainly to safeguard those defendants against any such maltreatment at the hands of the court.

Because of the circumstances recited, I think this court has not jurisdiction of the suit.

■ I do not deem it appropriate at the moment to pass on the motion by some defendants charged with patent infringement to strike out portions of the bill unrelated to that subject. To do so at this stage would get us nowhere. As it stands, the amended bill must be dismissed because its allegations do not properly establish jurisdiction. Likewise, so far as concerns jurisdiction, we may omit consideration of court rules. Defect of jurisdiction arises out of failure of the plaintiffs to bring themselves within any part of Section 24 of the Judicial Code defining the grounds of jurisdiction. No court rule can override, or even affect, these statutory provisions.

■ So also, like Judge Bondy, I refrain from expressing any view as to the sufficiency of the allegations to state any of the several causes of action which it is plain the complainants seek to enforce. A fair determination of whether any cause of action is stated cannot be made until the causes of action are separately stated and numbered.

I have likewise omitted consideration of the question of misjoinder. It would be difficult properly to pass on so long as the bill continues in its present form; and certainly it could be better decided if there be a further amendment in accordance with the condition hereafter prescribed in the leave again to amend.

As already noted, both Judge Bondy and I think that jurisdiction of the suit is not shown. Nevertheless, it must not be overlooked that there is no warrant for inferring that if the bill be amended in conformity with the leave later granted, the second amended bill may not then be dismissed on the ground that it does not make out a case of jurisdiction on this point. I go only so far as to say that, if, in the light of Judge Bondy's opinion, the plaintiffs want further to urge that there is jurisdiction, the question can be better decided after there is a separate statement and numbering of the causes of action. Accordingly, I think I should caution the complainants that they take the risk that, though they further amend, the judge before whom the case will subsequently come may feel that the second amended bill should be dismissed without another leave to amend being granted.

The motions will be granted to the extent that (1) the amended bill will be dismissed and (2) the plaintiffs will have leave (within a time to be fixed, unless agreed on) to serve a second amended bill, provided that therein the causes of action sued on be separately stated and numbered.

Settle order on two days' notice.