**RICHFIELD OIL CORP. v.
UNITED STATES et al.**

No. 30726.

United States District Court,
N. D. California, Southern Division.

April 7, 1952.

David Guntert, Los Angeles, Cal., for
plaintiff.

Chauncey Tramutolo, U. S. Atty., San
Francisco, and Keith Ferguson, Special
Asst. to the Atty. Gen., for defendants.

OLIVER J. CARTER, District Judge.

The plaintiff, Richfield Oil Corporation,
filed this action in the District Court for
the Northern District of California, asking
for declaratory relief and an injunction
against the United States of America, Unit-
ed States Department of Commerce, Mari-
time Administration of the United States,
Department of Commerce, and L. C. Flem-
ing, Pacific Coast Director, Maritime Ad-
ministration, Department of Commerce.
Service has been validly made on but two
defendants, the United States and L. C.
Fleming. The United States filed a mo-
tion to dismiss, contending in particular that
this court does not have jurisdiction of the
subject matter of the action as now pleaded.

The dispute between the parties arises
out of a series of time charters between
them, by which the United States chartered
various tankers of the Richfield Oil Cor-
poration during the second world war.

In 1932 the Supreme Court decided Mat-
son Navigation Co. v. United States, 284 U.
S. 352, 52 S.Ct. 162, 76 L.Ed. 336, which
concerned a dispute arising out of charters
by the United States of Matson vessels dur-
ing the first world war. The Court con-
cluded that disputes arising out of char-
ters by the United States of privately
owned vessels gave rise to "maritime caus-
es" only and that the Court of Claims had
no jurisdiction of such matters; that ex-
clusive jurisdiction was in the District
Courts, and that the exclusive remedy was
an action pursuant to the Suits in Admir-
alty Act, 46 U.S.C.A. § 741 et seq. See
also: Johnson v. United States Shipping
Board Emergency Fleet Corporation, 280
U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451; Unit-

ed States Shipping Board Emergency Fleet Corporation v. Rosenberg Bros. & Co., 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531.

The plaintiff's contention in essence is that this court was granted additional jurisdiction when Congress enacted the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., hence this court must determine what effect, if any, that Act has on the established rule of the Matson case. The problem can be resolved by examination of the language of the Act itself. Section 1009(c) provides, "Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review." Therefore it is clear and unequivocal that the moving party must establish either that a statute specifically gives this court jurisdiction to review an agency's action, which the plaintiff here has failed to do, or in the alternative the party must establish that he has had both final agency action and no other adequate remedy in any court is available to him. Assuming for purposes of this order only that there is final administrative action within the meaning of the Act, it is clear that the Act fails to enlarge this court's jurisdiction as contended by the plaintiff for the reason that he has an adequate remedy in the United States District Courts under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., Matson Navigation Company v. United States, 284 U.S. 352, 52 S.Ct. 162, 76 L.Ed. 336. Therefore this court is without jurisdiction of this action for an injunction and declaratory relief.

The United States also contends that this court does not have jurisdiction over the persons of the defendants. In view of the decision of the Supreme Court in the case of Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, this court is probably without jurisdiction over the persons of the defendants. However, since it has already been decided that this action must be dismissed for lack of jurisdiction of the subject matter, it is unnecessary to decide this point.

It is ordered that the motion to dismiss is hereby granted.