SOUTHWEST MARINE OF SAN
FRANCISCO, INC., Appellant,

v.

The UNITED STATES, Appellee.

No. 89–1563.

United States Court of Appeals,
Federal Circuit.

Feb. 12, 1990.

Peter B. Jones, Foster, Jones & Donovan, of Irvine, Cal., submitted for appellant.

Martha H. DeGraff, Dept. of Justice, of Washington, D.C., submitted for appellee. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen. and David M. Cohen, Director.

Before NEWMAN and ARCHER, Circuit Judges, and DUFF, District Judge.*

PAULINE NEWMAN, Circuit Judge.

## ORDER

Southwest Marine of San Francisco, Inc. (succeeded by Southwest Marine, Inc.) appeals the decision of the Armed Services Board of Contract Appeals (ASBCA), ABSCA No. 33404, 89–1 BCA § 21,425 (Nov. 28, 1988). The United States has moved to dismiss for lack of jurisdiction in the Federal Circuit, on the ground that this case arises out of a maritime contract and must be appealed to a federal district court. We conclude that appeal does not lie with the Federal Circuit.

### Background

Southwest Marine entered into a contract with the United States Navy to repair ships. A dispute arose as to payment for the cost of certain contract modifications, and Southwest Marine duly appealed to the ASBCA in accordance with the Contract Disputes Act. The adverse decision of the ASBCA was appealed to the Federal Circuit in accordance with 28 U.S.C. § 1295(a)(10), which assigns to the Federal Circuit, effective October 1, 1982, exclusive jurisdiction of all appeals taken pursuant to 41 U.S.C. § 607(g)(1):

> 28 U.S.C. § 1295(a). The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—
>
>    *     *     *     *     *     *
>
> (10) of an appeal from a final decision of an agency board of contract appeals

---

* The Honorable Brian Barnett Duff, Northern District of Illinois, sitting by designation pursuant to 28 U.S.C. § 293(a).

pursuant to section 8(g)(1) of the Contract Disputes Act of 1978 (41 U.S.C. § 607(g)(1)).

41 U.S.C. § 607(g)(1) provides, in turn:

**§ 607(g)(1).** The decision of an agency board of contract appeals shall be final, except that—

(A) a contractor may appeal such a decision to the United States Court of Appeals for the Federal Circuit within one hundred twenty days after the date of receipt of a copy of such decision....

Appeals concerning maritime contracts are separately treated in the Contract Disputes Act of 1978:

**41 U.S.C. § 603.** Appeals under paragraph (g) of section 607 of this title and suits under section 609 of this title, arising out of maritime contracts, shall be governed by chapter 20 [the Suits in Admiralty Act] or 22 [Public Vessels Act] of Title 46 as applicable, to the extent that those chapters are not inconsistent with this chapter.

Suits in admiralty governed by chapter 20 or 22 must be brought in the federal district courts. *See* 46 U.S.C. §§ 742, 782. Also pertinent is:

**28 U.S.C. § 1333.** The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

### *Discussion*

### A

Southwest Marine argues that this appeal is governed by the plain reading of 28 U.S.C. § 1295(a)(10), which directs exclusively to the Federal Circuit all appeals taken under 41 U.S.C. § 607(g). Southwest Marine states that section 1295(a)(10) is not restricted by section 603 of the Contract Disputes Act of 1978, because neither section 1295(a)(10) nor any other section of the 1982 Act refers to such exception.

■ For a later statute to be held implicitly to supercede an apparently inconsistent earlier enactment, the intent of Congress must be apparent in the circumstances. *See United States v. United Continental Tuna,* 425 U.S. 164, 168, 96 S.Ct. 1319, 1323, 47 L.Ed.2d 653 (1976) ("It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored.") This is particularly true when, as here, we are urged to find that a specific statute, section 603 of the Contract Disputes Act, has been superseded by a more general one, section 1295 of the Federal Courts Improvement Act. In *Continental Tuna* the Court, discussing whether an amendment to the Suits in Admiralty Act circumvented portions of the Public Vessels Act, wrote:

[T]he argument is not that the Public Vessels Act can no longer have application to a particular set of facts, but simply that its terms can be evaded at will by asserting jurisdiction under another statute. We should, however, be as hesitant to infer that Congress intended to authorize evasion of a statute at will as we are to infer that Congress intended to narrow the scope of a statute. Both types of "repeal"—effective and actual—involve the compromise or abandonment of previously articulated policies, and we would normally expect some expression by Congress that such results are intended.

*Continental Tuna,* 425 U.S. at 169, 96 S.Ct. at 1323.

Although only rarely will the legislative history guide the court to a statutory interpretation arguably at variance with the plain words of the statute, in this case the histories of the pertinent statutes leave no doubt that maritime contracts are excluded from the appellate jurisdiction of the Federal Circuit.

■ The parties do not dispute that this contract, for the repair of ships, is of the sort traditionally treated as maritime. *New Bedford Dry Dock Co. v. Purdy,* 258 U.S. 96, 99, 42 S.Ct. 243, 244, 66 L.Ed. 482 (1922) (a contract for ship repairs is a maritime contract; one for original construction is not).

Jurisdiction over matters arising in admiralty, including maritime contracts, has traditionally been with the federal district courts. *Matson Navigation Co. v. United States*, 284 U.S. 352, 356, 52 S.Ct. 162, 164, 76 L.Ed. 336 (1932) (jurisdiction of maritime actions against United States arising out of operation of merchant vessels vested exclusively in district court). The courts have occasionally considered whether a particular issue was primarily of maritime nature. *Compare Matson* (contract for the operation of vessels is maritime) *with Amell v. United States*, 384 U.S. 158, 159, 86 S.Ct. 1384, 1385, 16 L.Ed.2d 445 (1966) (federal executive employees aboard government vessels are not seamen, therefore Court of Claims has jurisdiction over pay actions).

The Court of Claims recognized that maritime contract disputes, including those appealed under the Wunderlich Act, were not within its jurisdiction. *See, e.g., Northwest Marine Iron Works v. United States*, 493 F.2d 652, 653, 656, 203 Ct.Cl. 629 (1974) (contract calling for "activation, repair, and conversion" of a vessel is contract for repair and thus essentially maritime in nature); *Buck Kreihs Co. v. United States*, 427 F.2d 770, 773, 192 Ct.Cl. 297 (1970) (since the underlying contract to restore vessels was maritime, action to recover certain moneys under the Renegotiation Act did not carry Tucker Act jurisdiction in the Court of Claims).

In light of this history, clear congressional intent is necessary to lead to the conclusion that the Federal Courts Improvement Act created an exception to the district courts' exclusive jurisdiction over maritime contracts.

## B

We look first at the legislation that led to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 *et seq.* The Senate version of the Act, as introduced, assigned to the Court of Claims jurisdiction over contracts for "the employment, use, construction, restoration, repair or salvage of vessels and aids to navigation." S. 3178, 95th Cong., 2d Sess. § 3(5) (1978).

This provision was opposed by the Departments of Defense and Justice, who stressed that there should be no change in the traditional jurisdiction of the district courts over maritime contracts. Congress agreed, and the provision appearing at 41 U.S.C. § 603 was added before enactment of the Contract Disputes Act. H.Rep. 1556, 95th Cong., 2d Sess. 9. *See* S.Rep. 1118, 95th Cong., 2d Sess. 8, 18; *reprinted in* 1978 U.S.Code Cong. & Admin.News 5235, 5242, 5252. Senator Byrd, the sponsor of the Contract Disputes Act, stated:

> The legislative report defined very precisely that the current jurisdiction for Maritime Contract claims is to be maintained and not changed by S. 3178. Concern has been expressed by the Department of Defense that this position should be included in the statute, thus [Section 603] has been added.

124 Cong.Rec. 36267 (1978).

This jurisdictional decision, albeit made by Congress, was imperfectly embodied in section 603, for section 603 refers to Chapter 20 of Title 46 (suits in admiralty by or against vessels or cargoes of the United States) and Chapter 22 (suits in admiralty against the United States for damages caused by public vessels), and is silent as to the issue before Congress, *viz.*, suits against the United States in contract. However, the legislative history leaves no doubt that Congress intended, through section 603, to cover such suits.

Thus Congress in enacting the Contract Disputes Act of 1978 assured that no change was made in the existing appellate path of disputes involving maritime contracts.

## C

Southwest Marine argues the illogic of continuation of the exception for government contracts that relate to the repair of ships, in view of the larger congressional intent embodied in the formation in 1982 of the Court of Appeals for the Federal Circuit, to impart uniform national standards to contract disputes with the government. Southwest Marine buttresses this argument by pointing out that the major issue

in this case is the "Limitation of Cost" clause: a standard clause in many government contracts; and that this case involves the DAR (Defense Acquisition Regulations) and other complexities peculiar to government contracts, matters over which the Federal Circuit has, except for maritime contracts, exclusive nationwide appellate jurisdiction, and concomitant experience.

Whether or not this argument is logical, it was rejected by Congress. Although Southwest Marine correctly observes that the Federal Circuit did not merely succeed to the prior jurisdiction of the Court of Claims, there is no evidence of congressional intent to change the admiralty route traditional to maritime contracts. The legislative history of the Federal Courts Improvement Act is expressly to the contrary:

> Subsection (a)(10) of section 1295 of title 28 gives the Court of Appeals for the Federal Circuit jurisdiction of an appeal from a final decision of an agency board of contract appeals pursuant to section 8(g)(1) of the Contract Disputes Act of 1978. No change is intended in the exclusive jurisdiction of the federal district courts to hear appeals in government maritime contract disputes as provided in [41 U.S.C. § 603].

S.Rep. 275, 97th Cong., 1st Sess. 21–22 (1982). This result is in full harmony with the congressional action on the Contract Disputes Act only four years earlier. Treating 28 U.S.C. § 1295(a)(10) as subject to 41 U.S.C. § 603 explains the absence of debate on the issue. Nothing in the history of the Federal Courts Improvement Act suggests any congressional intent to reconsider its jurisdictional decision as to maritime contracts.

 We conclude that Congress, in forming the Federal Circuit, did not change the appellate path of maritime contract disputes. Indeed, tribunals that considered the issue after the enactment of 28 U.S.C. § 1295(a)(10) have held that no change was made regarding such appeals. *E.g., Southwest Marine, Inc. v. United States,* 680 F.Supp. 1400, 1402 (N.D.Cal.1988); *River and Offshore Services Co. v. United States,* 651 F.Supp. 276 (E.D.La.1987);

*General Dynamics Corp.,* ASBCA No. 33633, 87–1 BCA § 19,607 (Feb. 2, 1987). See generally *Nan Sing Marine Company, Ltd. v. United States,* 811 F.2d 1495 (Fed.Cir.1987), wherein this court held that a claim arising in admiralty, on which the Suits in Admiralty Act's two-year statute of limitations had run, could not be revived under the subsequently enacted Contract Disputes Act.

ACCORDINGLY, IT IS ORDERED THAT:

The case be and is transferred, pursuant to 28 U.S.C. § 1631, to the United States District Court for the Northern District of California, based on Southwest Marine's statement that venue in that district is appropriate under the Suits in Admiralty Act, 46 U.S.C. § 742.

Further proceedings in the Federal Circuit are terminated.