**Andy W. PHIPPS**

v.

**UNITED STATES.**

No. 90–79C.

United States Claims Court.

Nov. 2, 1990.

Skipper M. Drost, Sulphur, La., Atty. of Record, for plaintiff.

Reginald T. Blades, Jr., Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant.

## OPINION

YOCK, Judge.

In this contract case, the plaintiff is seeking damages from the Government (U.S. Custom Service) for the alleged contractual use and damage on or about February 6, 1988, of a plaintiff-owned vessel, the Lady Margaret II. The case is currently before the Court on the defendant's motion to dismiss for lack of subject matter jurisdiction.

For the reasons discussed herein, the defendant's motion to dismiss is denied without prejudice, and the plaintiff's complaint is to be transferred to the district court.

### Facts

The plaintiff's complaint, in paragraph 3, alleges that the "Defendant, UNITED STATES CUSTOMS SERVICE contracted with plaintiff, ANDY W. PHIPPS and James Herman Metcalf, on or about December 20, 1987 to use the vessel, Lady Margaret II, O.N. Number 581757." In paragraph 4, the plaintiff alleges that:

On or about February 6, 1988, defendants [sic] breached its contract with petitioner causing damages as follows:

| | | |
|---|---|---|
| a) | Use of Lady Margaret II | $ 170,000.00 |
| b) | Damages to Lady Margaret II | $ 50,000.00 |
| c) | Loss of use due to down time on Lady Margaret II | $ 100,000.00 |
| d) | Damages to the reputation of plaintiff, Andy W. Phipps | $1,000,000.00 |
| | TOTAL: | $1,320,000.00 |

### Discussion

It is firmly established that this Court does not have jurisdiction over claims based on maritime contracts. *See, e.g., Whitey's Welding and Fabrication, Inc. v. United States,* 5 Cl.Ct. 284, 285–87 (1984); *Southwest Marine of San Francisco, Inc. v. United States,* 896 F.2d 532 (Fed.Cir.1990). Jurisdiction over such claims is exclusively within the original jurisdiction of the district courts. 28 U.S.C. § 1333 (1988); *see also Matson Navigation Co. v. United States,* 284 U.S. 352, 356, 52 S.Ct. 162, 164, 76 L.Ed. 336 (1932) (under the Suits in Admiralty Act, 46 U.S.C.App. §§ 741–752 (1982), jurisdiction of maritime causes of action against the United States arising out of the operation of merchant

vessels for the United States is vested exclusively in the district courts). The alleged contract between plaintiff and the Customs Service, a contract for the use of the vessel Lady Margaret II, is a maritime contract. *Matson*, 284 U.S. at 357, 52 S.Ct. at 165 (a requisition charter, arising out of a contract for the operation of vessels for the United States, is maritime and is not within the jurisdiction of the Court of Claims); *Morewood v. Enequist*, 64 U.S. 491, 493, 16 L.Ed. 516 (1860) (charter-parties and contracts of affreightment are maritime contracts); *Natasha, Inc. v. Evita Marine Charters, Inc.*, 763 F.2d 468, 470 (1st Cir.1985) (contracts to hire a vessel are wholly maritime). *See also Northwest Marine Iron Works v. United States*, 203 Ct.Cl. 629, 493 F.2d 652 (1974); *Skibsaktieselskapet Siljestad v. United States*, 149 Ct.Cl. 141, 180 F.Supp. 957 (1960); *Polar Compania de Navegacion v. United States*, 129 Ct.Cl. 471, 124 F.Supp. 625 (1954). Consequently, the claim at issue here is beyond this Court's jurisdiction because it arises from an alleged maritime contract.

 Furthermore, to the extent that the plaintiff is alleging damages to his personal reputation, these claims are tortious in nature and again are beyond this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1491 (1988); *Frawley v. United States*, 14 Cl.Ct. 766, 767 (1988).

Plaintiff's claims sound in maritime contract or tort, or both, and, therefore, this Court lacks jurisdiction. Plaintiff has failed to demonstrate that this Court has jurisdiction to hear his claims.

It should be noted in this connection that this case had originally been filed in the United States District Court for the Western District of Louisiana. The case was transferred under the mistaken belief that this Court had exclusive contract jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (1988), and 28 U.S.C. § 1346(a)(2) (1988). Unfortunately, however, as the above discussion makes clear, the district courts have the exclusive jurisdiction over maritime contracts. Maritime contracts are a major exception to this Court's Tuck-

er Act jurisdiction. In view of this exceptional circumstance, and because the Court finds that there is a want of jurisdiction over the plaintiff's action and believes that it would be in the interest of justice to do so, this case will be retransferred to the United States District Court for the Western District of Louisiana pursuant to the authority contained in 28 U.S.C. § 1631 (1988).

### CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss for lack of subject matter jurisdiction is denied without prejudice and this case is to be transferred to the United States District Court for the Western District of Louisiana. The clerk is directed to enter judgment accordingly.

Each party is to bear its own costs.