**ASTA ENGINEERING, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 00–214C.**

United States Court of Federal Claims.

May 10, 2000.

Sam Z. Gdanski, Suffern, New York, for plaintiff.

Gregory T. Jaeger, Washington, D.C., with whom was Acting Assistant Attorney General David W. Ogden, for defendant.

## OPINION

MEROW, Senior Judge.

On April 18, 2000, Plaintiff filed a complaint and motion for preliminary injunction in this post-award bid protest matter. Plaintiff seeks the cancellation of an engineering services contract awarded by the United States Navy on July 15, 1999 to Basic Commerce and Industry, Inc. ("BCI"). Plaintiff asserts that it was awarded a similar multi-

year contract on March 29, 1996, and that it has not received any amount of work under this contract since the award of a contract to BCI in 1999. Plaintiff asserts, at page 2 of its motion for preliminary injunction, that "[t]his Court possesses subject matter jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(b)."

At page 3 of its motion for a preliminary injunction, plaintiff states that its 1996 contract is for "... engineering and consulting services to be performed in connection with assigned tasks ordered for Naval Ship Gas Turbine, Diesel, and power transmission systems, and ancillary equipment aboard Naval ships."

In view of plaintiff's description of the services at issue, which appear to be maritime in nature, and the obligation to be assured that jurisdiction over the matter exits, an Order was issued on April 18, 2000, for counsel to show cause why this case should not be transferred, pursuant to 28 U.S.C. § 1631, to an appropriate district court.

Defendant responded to the Show Cause Order on May 2, 2000, with a memorandum asserting that the Court possesses subject matter jurisdiction over this matter. Plaintiff responded on May 3, 2000, with a consent to the transfer of this case to an appropriate district court.

The initial issue is whether the contracts involved are maritime in nature. Defendant concedes that the contracts awarded to plaintiff and to BCI are arguably maritime in nature. However, defendant asserts that the contract actually in issue is an implied contract to consider a bid fairly and honestly which, it is argued, would not be maritime in nature. In making this argument, defendant cites to the doctrine set forth in *United States v. John C. Grimberg Co., Inc.,* 702 F.2d 1362, 1368 (Fed.Cir.1983), in which the Federal Circuit stated that contractors may rely upon a preliminary implied-in-fact contract to have their bids fairly and honestly considered. *See Unified Architecture & Engineering, Inc. v. United States,* 46 Fed.Cl. 56, 60 (2000).

■ Plaintiff does not cite the contract jurisdiction conferred on this Court by 28 U.S.C. § 1491(a) as the basis of its suit. Rather, plaintiff has premised its suit on 28 U.S.C. § 1491(b), which does not require for jurisdiction, the existence of an implied-in-fact contract. Moreover, an implied contract for fair and honest bid consideration requires the submission of a bid. *A & C Building and Industrial Maintenance Corporation v. United States,* 11 Cl.Ct. 385, 388–89 (1986). As noted, plaintiff did not submit a bid and, by contrast, seeks cancellation of a contract awarded to BCI.

However, even if an implied-in-fact contract for fair consideration were relevant in this matter, it cannot be divorced from the procurements which are maritime in nature. This is because what plaintiff is contesting in this action is the award of a contract, asserted to be without required competition, for services to be performed in support of naval ships. When one examines the nature of these services, in accordance with *Exxon Corp. v. Central Gulf Lines, Inc.,* 500 U.S. 603, 612–13, 111 S.Ct. 2071, 114 L.Ed.2d 649 (1991), the contracts are maritime in nature. *See also Buck Kreihs Company v. United States,* 192 Ct.Cl. 297, 427 F.2d 770, 772–73 (1970) (claim involving vessel repair contract).

As maritime contracts are involved, the remaining issue is whether Congress has conferred jurisdiction over the matter on the United States Court of Federal Claims. Defendant argues that jurisdiction was so conferred by the general language of the Administrative Dispute Resolution Act of 1996, Pub.L. No. 104–320, 110 Stat. 3870 (1996) (codified at 28 U.S.C. § 1491(b)) ("ADRA").

■ There is a long history of exclusive jurisdiction over maritime contract matters in the district courts. *United States v. United Continental Tuna Corp.,* 425 U.S. 164, 179, n. 18, 96 S.Ct. 1319, 47 L.Ed.2d 653 (1976); *Matson Navigation Co. v. United States,* 284 U.S. 352, 356, 52 S.Ct. 162, 76 L.Ed. 336 (1932); *Alaska Barge & Transport, Inc. v. United States,* 179 Ct.Cl. 216, 220–21, 373 F.2d 967, 970–71 (1967). There is also a well established principle that waivers of sovereign immunity must be strictly construed. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)

(*citing United States v. King*, 395 U.S. 1, 4–5, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

Congress waived sovereign immunity with respect to maritime matters, so that the United States could be sued in the district courts, by enacting the Suits in Admiralty Act, 46 U.S.C. app. § 742 (1994 & Supp. III 1997); 46 U.S.C. app. § 782 (1994). *Henderson v. United States*, 517 U.S. 654, 665, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). The jurisdiction of the district courts over actions involving maritime contracts exists at the expense of the jurisdictional grants of the Tucker Act. *United Continental Tuna Corp.*, 425 U.S. at 172–79, 96 S.Ct. 1319; *Glover v. Johns–Manville Corp.*, 662 F.2d 225, 232 (4th Cir.1981). At no time after the enactment of the Suits in Admiralty Act, has Congress expressly conferred admiralty jurisdiction on the United States Court of Federal Claims or its predecessors which exercise Tucker Act jurisdiction.

For example, prior to the Contract Disputes Act of 1978 (41 U.S.C. §§ 601 *et. seq.*) (1994 & Supp. II 1996 & Supp. III 1997), the United States Court of Claims did not possess jurisdiction over maritime contract disputes. *Northwest Marine Iron Works v. United States*, 203 Ct.Cl. 629, 493 F.2d 652, 656–57 (1974) (determining that Wunderlich Act claim having maritime elements was not within Court's jurisdiction). During the hearings which resulted in the enactment of the Contract Disputes Act of 1978, testimony by representatives of the Department of Justice, "convinced the committees that the current sole jurisdiction over all admiralty cases should remain in the district courts where great expertise has been developed over the years on such cases." *Whitey's Welding & Fabrication, Inc. v. United States*, 5 Cl.Ct. 284, 286 (1984). (*citing*, S.Rep. No. 1118, *reprinted in* 1978 U.S.C.C.A.N. 5235, 5242). Accordingly, despite locating most contract claims involving the United States in either a

Board of Contract Appeals or the United States Court of Federal Claims, the Contract Disputes Act retained the principle that neither the United States Court of Federal Claims nor the United States Court of Appeals for the Federal Circuit would be authorized, by their Tucker Act jurisdiction, to act in derogation of the exclusive district court jurisdiction over maritime contracts afforded by the Suits in Admiralty Act. *Southwest Marine of San Francisco, Inc. v. United States*, 896 F.2d 532, 535 (Fed.Cir.1990).

■ There is no evidence that Congress determined, in enacting the ADRA, to vary this long-standing exclusive relegation of maritime contract matters involving the United States to the district courts. The Tucker Act, as amended by the ADRA, conferred jurisdiction on both the district courts and the United States Court of Federal Claims over pre and post award bid protest matters. 28 U.S.C. § 1491(b). The ADRA is silent on the matter of admiralty jurisdiction. However, when Congress intends to confer jurisdiction on the United States Court of Federal Claims it does so expressly. *See Chin v. United States*, 890 F.2d 1143, 1146 (Fed.Cir.1989); *In re United States*, 877 F.2d 1568, 1572 (Fed.Cir.1989). As noted *supra*, the Suits in Admiralty Act displaces Tucker Act jurisdiction with respect to maritime contract claims involving the United States.*

■ In light of the long history of exclusive district court admiralty jurisdiction, over maritime contract matters, the Tucker Act amendments, codified in 28 U.S.C. § 1491(b), cannot be held to confer concurrent Suits in Admiralty Act jurisdiction on the United States Court of Federal Claims. In short, absent specific legislation granting the United States Court of Federal Claims admiralty jurisdiction covering bid protests on mari-

---

\* Section 12(d) of the ADRA provides that: "The jurisdiction of the district courts of the United States over the actions described in section 1491(b)(1) of title 28, United States Code [subsec. (b)(1) of this section] as amended by subsection (a) of this section shall terminate on January 1, 2001 unless extended by Congress." Administrative Dispute Resolution Act of 1996, Pub.L. No. 104–320, 110 Stat. 3874 (1966). As the bid pro-test jurisdiction of the district courts in maritime matters is based upon the Suits in Admiralty Act, 46 U.S.C. app. §§ 742, 782, and not the Tucker Act, 28 U.S.C. § 1491(b), it is assumed that this admiralty jurisdiction will not be impacted by any Congressional extension of ADRA district court jurisdiction, or the absence of any such extension.

time contracts, jurisdiction over the instant matter is lacking. *Umpqua Marine Ways, Inc. v. United States,* 925 F.2d 409, 414 (Fed.Cir.1991); *Southwest Marine,* 896 F.2d at 534; *Bayship Management, Inc. v. United States,* 43 Fed.Cl. 535 (1999); *but see Amell v. United States,* 384 U.S. 158, 159, 86 S.Ct. 1384, 16 L.Ed.2d 445 (1966) (stating exception to general rule with regard to pay action brought by federal executive employees aboard government vessels who were not seamen).

Accordingly, it is **ORDERED**:

(1) That within 14 days, plaintiff shall file a notification with the Clerk's Office naming the appropriate district court for transfer action;

(2) That upon the filing of the notification pursuant to (1), as this Court lacks jurisdiction over the matter, it shall then be transferred to the district court named, pursuant to 28 U.S.C. § 1631.