# THURSTON *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 605.   Submitted December 22, 1913.—Decided February 24, 1914.

The Court of Claims has no general jurisdiction over claims against the United States and can take cognizance only of those which are committed to it by some act of Congress. *Johnson* v. *United States,* 160 U. S. 546.

A claim embraced by § 1 of the Indian Depredation Act of March 3, 1891, but which accrued prior to July 1, 1865, is not within the jurisdiction of the Court of Claims if it falls within the restriction clause of § 2 because not allowed or pending prior to the passage of the act.

An appeal to the bounty or generosity of Congress for damages sustained from depredations by other than Indians cannot be considered as a claim for reparation for depredations of Indian wards of the Government within the meaning of the act of 1891.

Jurisdiction of a claim which accrued in 1857, was never allowed and was not pending as a claim for depredations by Indians, was expressly withheld by the act of 1891, and the fact that the same claim was presented to Congress as a claim for depredations by Mormons does not bring it within the jurisdiction.

THE facts, which involve the jurisdiction of the Court of Claims under the Indian Depredation Act of March 3, 1891, and what constitutes a presentation of a claim against the United States for depredations by Indians under the act, are stated in the opinion.

*Mr. Harry Peyton, Mr. F. Sprigg Perry* and *Mr. J. W. Clark* for appellant:

The Indian Depredation Act does not require that the word "Indian" should have been used in the petition which was filed in Congress.

If the words of a law are clear, there can be no construction which will alter the plain meaning of the words themselves. *United States* v. *Temple,* 105 U. S. 97, 99; *Maxwell*

v. *Moore*, 22 How. 185, 191; *Thornley* v. *United States*, 113 U. S. 310, 313.

In this act Congress has stated that there must have been a claim pending. It did not say that there must have been a claim pending against Indians, or that the tribe of Indians should be named, or that the word "Indian" should appear.

The definition of the term "claim pending" is a claim for a depredation committed by Indians which was pending at the time of the passage of the act. That term is plainly used in the act as a definition of the character of the claim. It is simply a phrase descriptive of a certain class of cases, and was not intended as a technical rule of pleading. Appellant's claim falls within this definition.

Throughout the entire act, the purpose of Congress is shown to be that of the utmost liberality in the manner of presenting claims. A claim must necessarily be one for a depredation committed by Indians. No technicalities are permitted to stand in the way of a just claim. *United States* v. *Gorham*, 165 U. S. 316.

The claim of the appellant arose out of an Indian depredation. There is no question but that the Indians committed the outrage and took the property and the Court of Claims has so held.

As to rules governing construction of statutes bearing on this case, see *United States* v. *Fisher*, 2 Cr. 358.

There can be no construction where there is no ambiguity. This is peculiarly applicable to the present case.

A survey of the entire act strengthens this contention and shows that Congress intended to waive technical objections and to include all just claims. See *Johnson* v. *United States*, 160 U. S. 546; *White* v. *United States*, 191 U. S. 545, 550; *Sturges* v. *Crowninshield*, 4 Wheat. 122, 202; Potter's edition of Dwarris, p. 199; 2 Lewis' Sutherland, 2d ed., § 367.

The act must be read literally so as to include all claims embraced by this clause. *Lewis* v. *United States*, 92 U. S. 618; *Bate Refrigerating Co.* v. *Sulzberger*, 157 U. S. 1, citing *Scott* v. *Reid*, 10 Pet. 524, 527; *Brewer* v. *Blougher*, 14 Pet. 178, 198. See also *Market Co.* v. *Hoffman*, 101 U. S. 116; *Petri* v. *Commercial Bank*, 142 U. S. 650; *McKee* v. *United States*, 164 U. S. 23; *United States* v. *Goldenberg*, 168 U. S. 95.

Congress is presumed to know the meaning of words and the rules of grammar. When Congress used the term "claim pending" it meant what it said, and not that a claim had to be pending against the Indians. *Lake Co.* v. *Rollins*, 130 U. S. 662; *Dewey* v. *United States*, 178 U. S. 510; *Marks* v. *United States*, 161 U. S. 297; *Yerke* v. *United States*, 173 U. S. 439.

As to the proviso, it plainly relates solely to the part of the enacting clause which provides for the time of filing claims.

The enacting clause that "all questions of the manner of presenting claims is hereby waived" applies equally to claims for depredations which occurred before and after July 1, 1865.

For the rule limiting the effect of a proviso to the clause which it affects, see Sedgwick on Interpretation, § 186, p. 257; *Spring* v. *Collector*, 78 Illinois, 101; *Lehigh Co.* v. *Meyer*, 102 Pa. St. 479; *Minis* v. *United States*, 15 Pet. 423, 445.

The office of this proviso is to qualify that portion of the enacting clause which relates to the time of the filing of claims and to exclude certain cases from its operation. This is the usual and regular office of a proviso and it is so used in the present act. Compare cases of *American Exp. Co.* v. *United States*, 212 U. S. 422, 434; *Burlingham* v. *Crouse*, 228 U. S. 459, 471; *White* v. *United States*, 191 U. S. 545.

The general office of the proviso is to restrain generality

and to prevent misinterpretation. *Interstate Comm. Commn.* v. *Baird,* 194 U. S. 25, 36.

In this case the proviso does not relate to that part of the enacting clause which waives all questions of the manner of presenting claims. This is an entirely separate and distinct part of the enacting clause and the dependent proviso is in no way connected with it. *Nesbitt* v. *United States,* 186 U. S. 153.

Congress was in no way bound by any rules or regulations of the Secretary of the Interior. *Leahy* v. *United States,* 41 Ct. Cls. 266. And see *United States* v. *Martinez,* 195 U. S. 469.

The saving clause of § 2 preserves from the operation of the proviso those cases which were pending at the time of the passage of the act. *United States* v. *Martinez,* 195 U. S. 476.

For the rule of construction relative to the interpretation of dependent clauses, see *Ryan* v. *Carter,* 93 U. S. 78; *United States* v. *Dickson,* 15 Pet. 141.

Unless this case falls clearly within the terms of the proviso it is to be considered as falling within the terms of the general enacting and saving clauses. *Schlemmer* v. *Buffalo &c. Railroad,* 205 U. S. 1, 10; *Javierre* v. *Central Alta-gracia,* 217 U. S. 502.

In the determination of claims for Indian depredations filed in the Interior Department, it was not necessary that notice be given to the Indians. *Jaeger* v. *United States,* 27 Ct. Cls. 278, 287; *Leahy* v. *United States,* 41 Ct. Cls. 266.

The court will not undertake to prescribe for Congress any technical rules for pleading.

For a further construction of the term "claim pending" as used in the Tucker and Bowman acts, see cases of *Cahalan,* 42 Ct. Cls. 281, and *Cofer,* 30 Ct. Cls. 131, 134.

The purpose of § 2 was to protect diligent claimants and to prevent the filing of stale claims. *Weston* v. *United*

*States,* 29 Ct. Cls. 420; *Stevens* v. *United States,* 34 Ct. Cls. 244; *Martin* v. *United States,* 46 Ct. Cls. 200.

The Government cannot claim it was in any way prejudiced by the defective manner in which this claim was filed before Congress.

The massacre which occurred at Mountain Meadows was a public event of great and horrible interest and was of general notoriety throughout the length and breadth of the land. Numerous official investigations and reports to Congress were made by the Indian Office and War Department as early as 1858 and 1859. In all of these reports it officially appeared that the Indians committed the massacre under the leadership of the Mormons.

The courts, and Congress as well, will take judicial notice of a matter of history. *Bank of Augusta* v. *Earle,* 13 Pet. 519, 590; *United States* v. *Union Pac. R. R.,* 91 U. S. 72, 79; 1 Greenleaf's Evidence, 15th ed., § 5; *Swinnerton* v. *Columbia Ins. Co.,* 37 N. Y. 174.

A recovery can be denied in this case only upon highly technical grounds. The equities of the case are all in favor of the claimant. The claimant lost her property as set out in the petition and the Court of Claims has found this fact from the evidence. It is only by a forced and strained construction of the act that the Government can exclude this claim.

A construction of this statute in accordance with the contention of the Government would be in violation of that liberality which characterizes the act.

The findings disclose that they are full and adequate and protect every substantial right of the Government. *Green County* v. *Thomas' Executor,* 211 U. S. 598.

*Mr. Assistant Attorney General Thompson* for the United States:

The act of March 3, 1891, must be strictly construed. *Price* v. *United States,* 174 U. S. 373; *Wilson* v. *United*

States, 38 Ct. Cls. 6; *Johnson* v. *United States*, 160 U. S. 546; *Wisconsin Cent. R. R. Co.* v. *United States*, 164 U. S. 190, 202.

The Indian Depredation Act required that a claim which accrued previous to July 1, 1865, must, as presented to Congress, have charged Indians with having committed the depredation. All records show that in all cases the claim of the petitioner for redress charges the Mormons with having committed the depredations. Nowhere are Indians mentioned. Under the act the claim, having arisen previous to July 1, 1865, as presented to Congress must have named and charged Indians with having committed the depredation, and the bills introduced must also have charged Indians. Otherwise, this claim was not pending prior to the passage of the Indian Depredation Act of 1891. *Marks* v. *United States*, 161 U. S. 297, 306.

The proviso of the act is one of limitation, and in order that the Court of Claims might have jurisdiction, a claim which accrued prior to July 1, 1865, must have been filed in Congress prior to March 3, 1891.

Appellant's petition before Congress, having prayed for a gratuity, did not allege a claim.

Under *Prigg* v. *Pennsylvania*, 16 Pet. 539, 615, a claim is a demand of some matter as of right.

Appellant had no claim against the Mormons for which the United States would be liable. At the same time the petitions and the affidavits filed therein, having failed to name Indians, would lead to the irresistible conclusion that she had abandoned what claim, if any, she had against them. Therefore, her asserted "claim pending" was not a claim, but merely an appeal to the generosity of Congress, and did not come within the meaning of the proviso of § 2 of the act.

The court, having found from the evidence that both Indians and Mormons confiscated the property, could not

have entered any other judgment than that of dismissal of the petition.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This suit was begun in the Court of Claims in 1892, under the Indian Depredation Act of March 3, 1891, c. 538, 26 Stat. 851, to recover from the United States and the Ute Indians the value of certain personal property alleged to have belonged to appellant's intestate and to have been taken and destroyed by members of the Ute tribe in 1857. It was also alleged that the claim had been presented to, and was pending before, the House of Representatives in 1877 and 1878. The allegations of the petition were traversed, and a trial resulted in a judgment of dismissal for want of jurisdiction, upon the ground that the claim accrued before July 1, 1865, and had not been presented to Congress, or any officer authorized to inquire into such claims, prior to the act of 1891, and so was not cognizable under that act.

The facts disclosed in the findings and material to be noticed are these: The depredation occurred at Mountain Meadows, Utah, September 11, 1857, while the appellant's intestate was en route, with an emigrant train, from Arkansas to California, his life being taken at the time. In 1877 and again in 1878 one of his daughters, on behalf of his heirs, presented to Congress a petition praying that they be reimbursed for the property from the public treasury. The petitions, as also the accompanying affidavits, represented that the depredation was committed by Mormons acting under the direction of Brigham Young, and contained no suggestion that it was in any wise chargeable to Ute Indians or to any Indians. In response to each of the petitions a bill was introduced in the House of Representatives, reciting that the depredation was com-

mitted by Mormons at the instance of Brigham Young, and making an appropriation to reimburse the heirs as prayed in the petition, but neither bill was passed and the claim was not otherwise recognized by Congress. In no other way or form was the claim presented to or pending ·before any department of the Government, or any of its officers or agents, prior to the passage of the act of 1891.

Preliminarily, it is well to observe that the Court of Claims has no general jurisdiction over claims against the United States and can take cognizance only of those which by the terms of some act of Congress are committed to it. *Johnson* v. *United States*, 160 U. S. 546, 549.

Turning to the act of 1891 we find that it is not couched in general terms, but, on the contrary, carefully specifies what claims may be considered and as carefully points out some which it is intended shall not be considered. It is entitled "An Act to provide for the adjudication and payment of claims arising from Indian depredations." Its first section empowers the court to inquire into and adjudicate, among others not material here, "All claims for property of citizens of the United States taken or destroyed by Indians belonging to any band, tribe, or nation in amity with the United States, without just cause or provocation on the part of the owner or agent in charge, and not returned or paid for." And the second section declares, 26 Stat. 852:

"That all questions of limitations as to time and manner of presenting claims are hereby waived, and no claim shall be excluded from the jurisdiction of the court because not heretofore presented to the Secretary of the Interior or other officer or department of the Government: *Provided*, That no claim accruing prior to July first, eighteen hundred and sixty-five, shall be considered by the court unless the claim shall be allowed or has been or is pending prior to the passage of this act, before the Secretary of the Interior or the Congress of the United

States, or before any superintendent, agent, sub-agent or commissioner, authorized under any act of Congress to enquire into such claims; but no case shall be considered pending unless evidence has been presented therein: . . . " :

Assuming, without so deciding, that the clause quoted from the first section, if not otherwise restrained, is broad enough to embrace the present claim, notwithstanding some of its particulars not here noticed, we come to consider whether it is within the restrictive clause in the second section, declaring that no claim accruing prior to July 1, 1865, shall be considered unless it was allowed or was pending prior to the passage of the act. To a better understanding of this clause and the preceding one in the same section it is well to recall that there was an existing limitation of time upon the prosecution of claims against the Government, (Rev. Stat., § 1069,) and that there had been and were then various statutory and treaty provisions regulating the manner of presenting claims for Indian depredations, by whom they were to be examined, and the evidence required to sustain them. 4 Stat. 729, 731, c. 161, § 17; 11 Stat. 388, 401, c. 66, § 8; 12 Stat. 120, Res. No. 26; 16 Stat. 335, 360, c. 296, § 4; 17 Stat. 165, 190, c. 233, § 7; Rev. Stat., §§ 466, 2098, 2156, 2157; 23 Stat. 362, 376, c. 341; 13 Stat. 674, Art. 6; 15 Stat. 620, Arts. 5 and 6. Both clauses must be read in the light of those limitations and provisions, and when this is done, it is apparent that Congress, while disposed to be very liberal in waiving prior restrictions upon the time and mode of presenting such claims, deemed it unwise to open the door so wide in respect of claims accruing prior to July 1, 1865, and therefore declared that the court should not consider them, save where they had been allowed or had been pending prior to the passage of the act.

The present claim accrued in 1857, was never allowed, and was not a pending claim before the date of the act,

unless it can be said that it was pending before Congress in 1877 and 1878. We think this cannot properly be said. The claim to which the attention of Congress was invited in those years was not for an act of depredation by Indians, but, as was stated in the petitions and accompanying affidavits and in the bills introduced in response thereto, was for a depredation by Mormons. No one could understand from the petitions and affidavits or from the bills that there was any purpose to claim indemnity from the Government on the ground that the depredation was committed by its Indian wards or to obtain reparation from the latter through the exertion of the Government's control over them. Rightly speaking, it was merely an appeal to the bounty or generosity of Congress, and probably was so regarded by the latter. At all events it was not an assertion or presentation of the claim which is the subject of this suit, for the latter is for an act of depredation by Indians, not by Mormons. We are accordingly of opinion that the claim is one, jurisdiction of which is expressly withheld from the Court of Claims by the act of 1891.

*Judgment affirmed.*