Campbell, Chief Justice,
delivered the opinion of the court:
This case arises out of a contract made with the Government by the Widell-Finley Co., whereby the latter agreed to do certain work near Belle Fourche, S. Dak. The company subsequently became bankrupt and the work was completed by the Government. At the time of the bankruptcy of the contractor there were retained percentages in the hands of the Government amounting to $23,876.94. This, it is contended, the Government can retain on account of the alleged *100 increased cost to it of tbe work which the contractor failed to perform.
After completing the work, the United States brought its action against the sureties on the contractor’s bond in the Federal court in Minnesota. To this action the WidellFinley Co., the contractor, and its trustee in bankruptcy, were duly made parties defendant. They appeared and defended, and the jury’s verdict was in favor of all of the defendants. Judgment accordingly went against the United States. In these circumstances, any rights of the Government as against the Widell-Finley Co., or its trustee in bankruptcy, must be regarded as foreclosed. The question of the contractor’s liability was in issue and was settled adversely to the United States in the district court. It is not competent to retry the issue here. Weisberger Case, 54 C. Cls., 1.
The defendant pleaded a counterclaim in this court, based upon the contention that the Widell-Finley Co. was the contractor on another piece of reclamation work, the Fort Buford project, and failed to perform its contract, in consequence of which the Govermnent took over and completed the work. We hold that under the issues and'facts the defendant’s counterclaim can not be maintained. When the Government relet the work, it did so, under the facts found, upon a substantially different contract than that of the plaintiff company. The question thus raised is settled. California Bridge & Con. Co., 50 C. Cls., 40, 64, 65, and cases there cited. There being no proof of what it would have cost to complete the work according to the terms of the original contract, the trustee is entitled to recover the amount due as retained percentage at the time of the company’s bankruptcy.
The plaintiff contends that the classification of material was not correct, and that, as a consequence, less was allowed or paid for the several classes of material encountered than should have been allowed. The question of classification was reposed by the contract in a designated person, and he decided it. He did not act in bad faith, and his decision is final. If it were not final, it would be difficult, under the facts, to come to a different conclusion than that reached *101 by the board assembled to consider the question of classification.
It appears from the findings of facts that one or more of the parties, who filed their separate petitions herein, after having joined in the original petition, held a mortgage on the equipment of the contractor, the Widell-Finley Co. This mortgage was given by the company a short time before its adjudication as a bankrupt, and when given the property was in actual use in and upon the contract work. The contract between the contractor and the Government provided that in case of default on the contractor’s part in performance, the Government could take over his equipment and plant and use the same in the completion of the work. The mortgage, if otherwise valid, was subject to the Government’s right under its contract with the contractor, who was the mortgagor, and the Government’s liability is limited to the value of the property in its hands when the work was performed or the use of the equipment was discontinued. This value is shown in the findings. Whether the alleged mortgagees or the trustee in bankruptcy is entitled to this amount this court is without jurisdiction to determine.
An order will be entered suspending judgment on this phase of the case until the fact as to which of the parties should have judgment has been properly settled.
Judgment will be entered for the trustee in bankruptcy for the other items mentioned, aggregating the sum of $37,628.19. All other items of claim set out in the several petitions are dismissed. And it is so ordered.
Graham, Judge, Hay, Judge, Downey, Judge, and Booth, Judge, concur.