## In re MISSISSIPPI VALLEY IRON CO.
### No. 10142.

District Court, E. D. Missouri, E. D.
July 14, 1945.

Harry S. Gleick, of Gleick & Strauss, all of St. Louis, Mo., for trustee Fred J. Lauchli.

Nagel, Kirby, Orwick & Shapley and Hord W. Hardin, by Frank H. Fisse, all of St. Louis, Mo., for Mississippi Valley Iron Co.

Frank H. Fisse and Daniel Noyes Kirby, both of St. Louis, Mo., for executors of Edward F. Goltra estate.

Emmet T. Carter, of St. Louis, Mo., for Board of Education of City of St. Louis.

DUNCAN, District Judge.

The question for determination is the correctness of the Referee's order of June 19, 1944, which, among other things, enjoined Kate B. Goltra and E. Field Goltra, Jr., executors of the will of Edward F. Goltra, deceased, and the Board of Educa-

tion of the City of St. Louis, until further order of the court, from instituting or prosecuting any proceeding before the requisitioning branch of the War Production Board, or any other agency of the United States, or the courts of the United States, except before the United States District Court at St. Louis, and from further prosecuting the proceedings which have heretofore been instituted in the United States Court of Claims.

The essential facts are not in dispute and may be briefly stated. The facts are fully set out in a Memorandum Opinion filed December 11, 1944, in respect of another phase of these proceedings, In re Mississippi Valley Iron Company, D.C., 58 F.Supp. 222.

Pursuant to the Act of October 16, 1941, C. 445, 55 Stat. 742, 50 U.S.C.A. Appendix, § 721 the President of the United States determined that: "One Gantry crane type Heyl & Patterson ore-handling bridge, 320 foot span, capacity 10 tons, together with all present attachments and appurtenances" located in the City of St. Louis, and in the possession of the trustee in bankruptcy of the estate of the Mississippi Valley Iron Company, bankrupt, was necessary for military purposes, and on September 6, 1943, through the Metals Reserve Company, requisitioned said ore-handling bridge and delivered the possession thereof to the Wheeling Steel Corporation.

Prior to the requisitioning of the ore-handling bridge, the Mississippi Valley Iron Company had been adjudged a bankrupt, and a trustee had been duly appointed and qualified, and had taken possession of all of the property of the bankrupt.

Subsequent to the bankruptcy of the Mississippi Valley Iron Company, and pursuant to authority granted by the Probate Court of the City of St. Louis, the executors of the estate of Edward F. Goltra, deceased, filed with the Referee in Bankruptcy, a claim alleging that it was the owner of and entitled to the possession of the said ore-handling bridge.

Likewise the Board of Education of the City of St.Louis, pursuant to authority granted by its Board of Directors, filed its claim with the Referee in Bankruptcy, alleging that the said ore-handling bridge was the property of the Board of Education, and that it was entitled to the possession thereof.

At the time of the filing of the petition in bankruptcy, and of the appointment of the trustee, the ore-handling bridge was located on the premises occupied by the bankrupt, and was taken possession of by the trustee along with other property belonging to the bankrupt.

At the time of the requisitioning, the claims of the respective parties to the ownership of said bridge had not been determined by the Referee in Bankruptcy. For a considerable period of time prior to the requisitioning of the bridge by the Government, the respective claimants had been negotiating with the Requisitioning Agency for the sale thereof, without resorting to the process of requisitioning and all of the claimants had submitted to the Requisitioning Agency their signed offer to sell said bridge for the sum of $100,000.

It was, however, determined by the Requisitioning Agency, that because of some adverse claim to the ownership of the bridge, which it suspected might be made by the War Department, it was not advisable to acquire said bridge by purchase, and consequently the requisitioning notice was served and the property taken under the War Powers Act aforesaid.

Upon the service of notice of requisition, the then trustee in bankruptcy, now deceased, sought and obtained from the Referee in Bankruptcy, a restraining order restraining the Wheeling Steel Corporation, for whom the bridge had been requisitioned by the Metals Reserve Company, the Requisitioning Agency, from dismantling or removing the same. Later the restraining order was dissolved by the referee, and the bridge was dismantled and taken away by the Wheeling Steel Corporation.

Thereafter the War Production Board sent notices to the respective claimants to file their claims for compensation with the Requisitioning Agency, and pursuant to such notices, each of the claimants—the trustee, the Goltra estate and the Board of Education of the City of St. Louis— filed claims in the sum of $100,000.00, each claimant alleging that it was the owner of said property and entitled to compensation therefor. The claim made by each claimant was in the exact amount which had been agreed to as the reasonable value of the property in their negotiations for its sale to the United States.

Upon receipt of the various claims to ownership, the War Production Board pursuant to Regulation 902.1 dated September 27, 1943,[1] paragraph (e), determined that the award could not be safely paid to any of the claimants because of the diversity of claims, and it made a preliminary determination of the fair and just compensation for the property, and fixed the amount thereof at $100,000—the amount claimed by each of the claimants.

The Chairman of the War Production Board authorized the Requisitioning Agency to set aside and retain the amount of compensation so awarded until the person or persons entitled thereto should be established. The award was made to "persons unknown."

On January 2, 1944, and subsequent to the sending of notices to claimants, and prior to the preliminary determination of the fair and just compensation for the equipment taken, the estate of Edward F. Goltra, deceased, filed suit against the United States in the Court of Claims, alleging that it was the sole owner of the property and entitled to compensation therefor, and that the value thereof was $100,000 which was the amount agreed upon in the proposed stipulation signed by all of the parties prior to the requisitioning of the bridge, and the amount set out in the proof of claim filed with the War Production Board by the Goltra estate.

On February 5, 1944, the War Production Board determined that because of the filing of the suit in the Court of Claims, the amount awarded could not be paid until the litigation was disposed of.

Following this action by the War Production Board, the trustee sought and obtained the restraining order from the Referee as heretofore set out.

The Goltra estate contends that jurisdiction is conferred upon the Court of Claims not only by the Requisitioning Act, supra, but also by Title 28 U.S.C.A. § 250 (1) and that it has a right to maintain and prosecute its suit in that court. The Requisitioning Act, supra, provides:

"The President shall determine the amount of the fair and just compensation to be paid for any property requisitioned and taken over pursuant to this Act and the fair value of any property returned under section 2 of this Act * * * but each such determination shall be made as of the time it is requisitioned or returned, as the case may be, in accordance with the provision for just compensation in the fifth amendment to the Constitution of the United States. If, upon any such requisition of property, the person entitled to receive the amount so determined by the President as the fair and just compensation for the property is unwilling to accept the same as full and complete compensation for such property he shall be paid 50 per centum of such amount and shall be entitled to sue the United States in the Court of Claims or in any district court of the United States in the manner provided by sections 24 (20) and 145 of the Judicial Code (U.S.C., 1934 ed., title 28, secs. 41 (20) and 250) for an additional amount which, when added to the amount so paid to him, he considers to be fair and just compensation for such property."

Title 28 U.S.C.A. § 250 (1) provides:

"The Court of Claims shall have jurisdiction to hear and determine the following matters: * * * All claims. (except for pensions) founded upon the Constitution of the United States or *any law of Congress* * * *." (Emphasis supplied).

The regulation of the War Production Board[1] with respect to requisition issued

---

[1] "No payment shall be made to any claimant until he has presented such proof of his title as the Requisitioning Authority may require and the Requisitioning Authority has determined that compensation or any part thereof may be safely paid to him. If the Requisitioning Authority determines that compensation cannot safely be paid to any claimant, the Requisitioning Authority shall make an award of compensation and the amount of the award shall be set aside and retained, or the proper appropriation charged therefor, until the person or persons entitled to receive the same shall be established. If the Requisitioning Authority determines that compensation can safely be paid to any claimant, it shall make an award of compensation and shall pay to the person or persons entitled thereto the amount of such award or, if such person or persons are unwilling to accept such compensation, shall pay 50 percentum of such amount in accordance with the Act of October 10, 1940, as amended [50 U.S.C.A.Appendix, § 711 et seq.], or the Act of October 16, 1941, as amended, whichever shall be applicable."

September 27, 1943, goes a bit farther than the provision of the statute and provides that if the Requisitioning Authority determines that compensation cannot safely be paid to any claimant, the Requisitioning Authority may make an award of compensation and the amount of the award shall be set aside and retained *until the person or persons entitled to receive the same shall be established*. (Emphasis supplied.)

The Goltra estate also contends that the requisitioning of the bridge by the Government completely destroyed any title which the trustee had in said property, and started a new chain of title, and that all the rights of the parties respecting such property or the proceeds derived therefrom, are controlled by the provisions of the Requisitioning Act.

The Trustee apparently does not dispute this contention in so far as requisitioning the property itself is concerned, and admits that immediately upon the taking by the United States, the trustee lost all rights with respect to the specific property, but he insists that the amount to be paid for its taking should be paid to him and held by him in lieu of the property taken from his possession, and that the right to the ultimate ownership of such fund should be determined by the Bankruptcy Court, just as though the property had been disposed of at private sale, or any other sort of procedure, or if the property had been sold to the United States under the proposed stipulation of the claimants, prior to the date of requisitioning.

I agree with the contention of the trustee. Under the Act authorizing the requisitioning of the property, the trustee did not have a right to question the actions of the President in his determination to take the property. In re Spier Aircraft Corp., 3 Cir., 137 F.2d 736; In re Mississippi Valley Iron Co., D.C., 58 F.Supp. 222.

I am unable to find anything in the Act which attempts to change existing law with respect to the administration of bankrupt estates, or to divest that court of its jurisdiction to determine the ownership of the amount awarded for the taking of property. There is nothing in the statute which indicates that it was the intention of the Congress to give to the Requisitioning Agency or to the Court of Claims, jurisdiction to determine the ownership as between claimants to property in a bankruptcy proceeding.

The Court of Claims is a court of limited jurisdiction, and has only such jurisdiction as is conferred upon it by the Acts of Congress. Thurston v. United States, 232 U.S. 469, 34 S.Ct. 394, 58 L.Ed. 688.

As stated earlier in this Memorandum, the taking of the property by the Government under the Requisitioning Act—even if the Act were silent as to the right to proceed in the Court of Claims—would confer jurisdiction upon the Court of Claims to render a money judgment against the United States if it refused to pay for the property which it had taken, or if a dispute as to its value had arisen, but the Act prescribing the conditions under which property may be requisitioned, also defines the person to whom compensation should be paid, and clearly sets out under what conditions the Court of Claims may entertain jurisdiction, i. e., where the Requisitioning Agency, and the *person entitled to the compensation* cannot agree as to the amount to be awarded, then 50% of the amount of the award made by the Requisitioning Agency should be paid to the *person entitled* to it and a suit brought in the Court of Claims, or in the District Court of the United States, *for the difference between the amount paid to the claimant, and the amount which the claimant believes to be reasonable*.

There is nothing in the Act anywhere indicating that it was the intention of Congress to broaden the jurisdiction of the Court of Claims so that it may determine the sole question of to whom an award, undisputed as to amount, should be paid. If the Court of Claims has jurisdiction and possession of a fund in a case in which it has rendered judgment against the Government, it may cause to be brought before it all interested parties for the purpose of determining to whom the fund should be paid. Brewer and Jones v. United States, 56 Ct.Cl. 81.

But we do not have that situation in this case. Here, if the matter proceeds before the Court of Claims, as the Goltra estate attempts to have it proceed, the other claimants, the trustee in bankruptcy and the Board of Education of the City of St. Louis would be required to intervene, and the sole question for determination by the Court of Claims would be, not the liability of the United States, which is admitted and confessed, but who, among the claimants, is entitled to the award.

That is a question for determination by some tribunal other than the Court of Claims.

In Volk, Trustee in Bankruptcy, etc., v. United States, 55 Ct.Cl. 87, the trustee in bankruptcy instituted suit in the Court of Claims to recover for the use of certain property by the Government, belonging to the bankrupt. A mortgagee likewise claimed the property. The Court of Claims stated:

"Whether the alleged mortgagees or the trustee in bankruptcy is entitled to this amount this court is without jurisdiction to determine.

"An order will be entered suspending judgment on this phase of the case until the fact as to which of the parties should have judgment has been properly settled."

I find no convincing authority for the contention that there has been any new chain of title in so far as the trustee in bankruptcy is concerned, with respect to the right of the bankruptcy court to determine the ownership of the award for the property taken from his possession. Prior to the requisitioning of the property, each of the claimants had filed a claim with the Referee and sought a decision of the bankruptcy court as to the ownership of the property.

"Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy." Thompson v. Magnolia Petroleum Co., 309 U.S. 478, loc. cit. 481, 60 S.Ct. 628, loc.cit. 630, 84 L.Ed. 876.

When the property was taken from the possession of the trustee by due process of law, as trustee he was entitled to have that which represented what had been taken from him. That is, the award, to be held by him, for such disposition as a court of competent jurisdiction might make. In this instance, the bankruptcy court, which had already acquired jurisdiction.

Of course, it is not for this court in this case to determine what the War Production Board, the Requisitioning Authority, should have done under its regulation with respect to a determination of the person or persons entitled to receive the compensation. It would seem, in view of the established principles of law respecting the adminis-

tration of bankrupt estates, that the Requisitioning Agency should have paid the amount of the award, which was not in dispute, to the trustee in bankruptcy (an arm of the Court) from whose possession the property had been taken.

The Agency's regulations with respect to paying awards seem to have been promulgated, construed and complied with without regard to distinction between property taken from an individual or corporation, and of property in custodia legis, such as a trustee in bankruptcy, who is an arm of the court. However, in view of the filing of the suit in the Court of Claims by one of the claimants, it is not difficult to understand why the Agency should hold the fund until the *person entitled to the compensation* should be determined by the proper tribunal.

Undoubtedly the War Production Board would have paid the award into the bankruptcy court for the benefit of whomever the legal owner was finally determined to be, had it not been for the suit filed in the Court of Claims.

 Prior to the requisitioning, the parties had sought the jurisdiction of the bankruptcy court to determine the question of ownership to the specific property. They had filed their claims in that court. Therefore, it cannot be denied that the bankruptcy court had jurisdiction to determine those claims with respect to the specific property. I see no reason why the general rule that a court of concurrent jurisdiction first obtaining jurisdiction over the property may not proceed to a final judgment in the matter of establishing liens, etc., does not apply in this case. Swift v. Black Panther Oil & Gas Co., 8 Cir., 244 F. 20; Doyne v. Saettele et al., 8 Cir., 112 F.2d 155.

Even if we admit arguendo that the Court of Claims has jurisdiction not only of this class of cases, but of this case, under the reasoning in this Memorandum, the bankruptcy court would have concurrent jurisdiction, and having first acquired jurisdiction of the parties and of the subject matter, i. e., the claims of the parties to the ownership of the property, then the rule above quoted would apply. Hargadine-McKittrick D. G. Co., v. Hudson et al., 8 Cir., 122 F. 232-234; Davis v. Victoria Land & Loan Co., Tex.Civ.App., 90 S.W. 2d 300; Trinity Universal Ins. Co. v. Farmers State Bank, Ky., 187 S.W.2d 793.

Of course, the Goltra estate contends that the bankruptcy court lost its jurisdiction to proceed further with respect to the claims of the respective parties when the United States took the specific property, which was the subject of the claims filed with the referee, and that the bankruptcy court does not now have the power to determine who is entitled to the proceeds of what may, for practical purposes, be termed a "forced sale" of the property.

If the taking of the specific property divested the bankruptcy court of all jurisdiction to determine the rights of the claimants to the amount to be paid by the Government as the agreed value of the property, taken, then, of course, regardless of any other fact, the bankruptcy court had no power to issue the restraining order.

The Requisitioning Agency did not take possession of the property from the trustee because of any defect in the trustee's right to possession. It was taken under the authority conferred by the Act for the absolute taking of property for public purposes, and when the United States took the property from the trustee under those conditions, there should have been no question as to whom the compensation therefor should have been paid. It should have been paid to the trustee in bankruptcy, from whom the property was taken.

There was no question as to the value of the property which would bring the question within the provisions of the statute conferring jurisdiction on the Court of Claims. Had the award been paid to the trustee, from whom the property was taken, then the court vested with jurisdiction to determine the rights between creditors or claimants, and the trustee, would have determined in an orderly manner who was entitled to the fund.

The record in this case indicates that the United States stands ready and willing to pay the amount of the award to the *person entitled to the compensation.*

I do not believe that the bankruptcy court lost any of the rights it had to determine the question of ownership because of the taking of the specific property. That being true, the bankruptcy court then had a right to issue the restraining order to protect its jurisdiction.

Therefore, the Referee's order of June 19, 1944, enjoining Kate B. Goltra and E. Field Goltra, Jr., executors of the will of Edward F. Goltra, deceased, and the Board of Education of the City of St. Louis, until further order of the court, from instituting or prosecuting any proceeding before the requisitioning branch of the War Production Board, or any other agency of the United States, or the courts of the United States, except before the United States District Court at St. Louis, and from further prosecuting the proceedings which have heretofore been instituted in the United States Court of Claims, is found to be correct, and is hereby sustained. Ordered accordingly.