NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK LOUIS SANDERS,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2020-1032

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01138-EJD, Senior Judge Edward J. Damich.

---

Decided:  April 7, 2020

---

MARK LOUIS SANDERS, Trafford, PA, pro se.

RICHARD L. PARKER, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRUCE R. ELLISEN, RICHARD E. ZUCKERMAN.

---

Before PROST, *Chief Judge,* DYK and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Mark Louis Sanders appeals an order from the Court of Federal Claims ("Claims Court") dismissing his complaint. We *affirm*.

## BACKGROUND

On August 5, 2019, Sanders filed a complaint in the Claims Court alleging that the United States had imposed taxes on him without jurisdiction. On September 10, 2019, the Claims Court, interpreting Sanders' complaint as a tax refund suit, dismissed Sanders' complaint for failing to allege facts necessary to establish the Claims Court's tax refund jurisdiction. Sanders filed this timely appeal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"We review the Claims Court's decision to dismiss for lack of jurisdiction de novo." *Campbell v. United States*, 932 F.3d 1331, 1336 (Fed. Cir. 2019). "We may affirm the [Claims Court's] dismissal on any ground supported by the record." *Wyandot Nation v. United States*, 858 F.3d 1392, 1397 (Fed. Cir. 2017).

The Claims Court "can take cognizance only of those [claims] which by the terms of some act of Congress are committed to it." *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (alteration in original) (quoting *Thurston v. United States*, 232 U.S. 469, 475 (1914)). On appeal, Sanders argues that this is not a tax suit. However, Sanders points to no other statute that would confer jurisdiction to the Claims Court over his action.

There is no jurisdiction over this action as a tax refund suit. Under 28 U.S.C. § 1346(a)(1), "[a] taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims." *United States v. Clintwood*

*Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008).  However, to bring a suit for illegally collected taxes, the taxpayer seeking a refund must "comply with tax refund procedures set forth in the [Internal Revenue] Code." *Id.*  "These principles [also] are fully applicable to claims of unconstitutional taxation." *Id.* at 9.

On this record, we see no error in the district court's finding that Sanders has not alleged "any evidence that he has pre-paid the principal tax deficiency—the first prerequisite to tax-refund jurisdiction." *Sanders v. United States*, 145 Fed. Cl. 37, 38 (2019) (citing *Shore v. United States*, 9 F.3d 1524, 1527 (Fed. Cir. 1993)).

The Claims Court correctly found that "Sanders has not established tax refund jurisdiction, or any other basis for his suit." *Id.*  We conclude that the Claims Court's dismissal of Sanders' complaint must be

**AFFIRMED**