NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**TAD ALAN PATTERSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2019-2422

_____

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00843-CFL, Senior Judge Charles F. Lettow.

_____

Decided:  May 13, 2020

_____

TAD ALAN PATTERSON, Eugene, OR, pro se.

MARION E.M. ERICKSON, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by MICHAEL J. HAUNGS, RICHARD E. ZUCKERMAN.

_____

Before PROST, *Chief Judge*, MAYER and DYK, *Circuit Judges.*

PER CURIAM.

Tad Alan Patterson appeals a decision by the United States Court of Federal Claims ("Claims Court") dismissing his complaint for lack of subject matter jurisdiction. We *affirm*.

## BACKGROUND

The Internal Revenue Service ("IRS") assessed Mr. Patterson with multiple tax liabilities spanning the period from 2007 to 2012 and imposed liens on his property. In March 2019, Mr. Patterson filed a petition with the United States Tax Court, challenging the IRS's assessment of those taxes. The Tax Court dismissed his petition for lack of jurisdiction.

On June 6, 2019, Mr. Patterson sued the United States in the Claims Court. The complaint alleged that the United States had "took [Mr. Patterson]'s assets without jurisdiction," apparently complaining about the government-imposed liens, and sought $610,111.96 in damages.

On August 27, 2019, the Claims Court dismissed Mr. Patterson's complaint, holding that he had failed to allege the facts necessary to establish the Claims Court's tax refund or Fifth Amendment taking jurisdiction. Mr. Patterson appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(3). "We review the Claims Court's decision to dismiss for lack of jurisdiction de novo." *Campbell v. United States*, 932 F.3d 1331, 1336 (Fed. Cir. 2019).

## DISCUSSION

The Claims Court "can take cognizance only of those [claims] which by the terms of some act of Congress are committed to it." *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (alteration in original) (quoting *Thurston v. United States*, 232 U.S. 469, 475 (1914)).

There is no jurisdiction over this action as a tax refund suit. Under 28 U.S.C. § 1346(a)(1), "[a] taxpayer seeking a

refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008). However, to bring a suit for illegally collected taxes, the taxpayer seeking a refund "must comply with tax refund procedures set forth in the [Internal Revenue] Code." *Id.* "These principles [also] are fully applicable to claims of unconstitutional taxation." *Id.* at 9.

On this record, we see no error in the Claims Court's finding that Mr. Patterson has "not provided evidence, or even argued, that he has filed a claim for a refund with the IRS for any of the six years in question." Supp. App'x 7–8. Nor do we see any error in the Claims Court's holding that "an imposition of taxes is not a taking for Fifth Amendment purposes." *Id.* at 8 (citing *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1339 (Fed. Cir. 2001)).

Mr. Patterson complains that the Claims Court erred in treating this as a tax case. Mr. Patterson alleges on appeal that the government acted "knowingly and maliciously" in imposing the liens in violation of the Fourth Amendment. Appellant's Br. 1. The Claims Court also lacks jurisdiction over Fourth Amendment fraudulent assessment and fraudulent taking claims because they are actions allegedly "grounded upon fraud" that "sound in tort." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *see* 28 U.S.C. § 1491(a)(1) (limiting the jurisdiction of the Claims Court to "cases not sounding in tort").

Because Mr. Patterson identifies no other basis for the Claims Court to exercise jurisdiction over his claim, the Claims Court's dismissal of his complaint is

**AFFIRMED**