**Voyd B. BURGER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 01–121 C.**

United States Court of Federal Claims.

March 8, 2001.

*OPINION AND ORDER*

HEWITT, Judge.

Plaintiff has filed a suit for unpaid wages arising from plaintiff's discharge from a position aboard the U.S.N.S. Bellatrix on March 3, 1995. Complaint ¶¶ 2–3. Plaintiff alleges that the United States owned the vessel on which he was working when he was wrongfully discharged. Complaint at 1. Plaintiff seeks payment under 46 U.S.C. § 10313(g), which states that, when payment is improperly withheld upon a seaman's discharge, the "master or owner" of the vessel "shall pay to the seaman 2 days' wages for each day payment is delayed." Complaint ¶ 11; 46 U.S.C. § 10313(g) (2000).

Plaintiff invoked the Tucker Act, 28 U.S.C. § 1491 (2000), as the basis for this court's jurisdiction. Complaint ¶ 1. The Suits in Admiralty Act, 46 U.S.C. app. §§ 741–752 (2000), vests jurisdiction in the district courts of the United States over suits against the United States arising from, *inter alia,* maritime contracts. 46 U.S.C. app. § 742 (2000). Because of the possibility apparent on the face of the complaint that this court does not have jurisdiction to hear this matter, the court considers *sua sponte* the question of jurisdiction. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 93, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

It has been held that the Suits in Admiralty Act largely displaces this court's Tucker Act jurisdiction. *See United States v. United Continental Tuna Corp.,* 425 U.S. 164, 179 & n. 18, 96 S.Ct. 1319, 47 L.Ed.2d 653 (1976) (stating that Congress had "virtually eliminat[ed] the quasi-admiralty jurisdiction of the Court of Claims under the Tucker Act," and citing as an exception suits by government employees working aboard government ships); *Asta Eng'g, Inc. v. United States,* 46 Fed.Cl. 674, 676 (2000) ("The jurisdiction of the district courts over actions involving maritime contracts exists at the expense of the jurisdictional grants of the Tucker Act."); *Bayship Mgmt., Inc. v. United States,* 43 Fed.Cl. 535, 536 (1999) (" 'Jurisdiction over

matters arising in admiralty, including maritime contracts, has traditionally been with the federal district courts.' ") (quoting *Southwest Marine of San Francisco, Inc. v. United States,* 896 F.2d 532, 534 (Fed.Cir.1990)).

It appears that plaintiff was an employee of Bay Ship Management, Inc. (Bay Ship), a government contractor, rather than an employee of the United States. *See* Complaint at Exh. E (pay voucher issued by Bay Ship and signed by plaintiff); Exh. N. (decision of administrative law judge in Louisiana, stating that plaintiff was employed by Bay Ship). This court therefore does not have jurisdiction to hear this case.

Jurisdiction of this case appears to be vested in the district courts of the United States. The court considers whether it is in the interests of justice to transfer plaintiff's suit to a district court. Section 1631 of title 28 of the United States Code describes the circumstances where that transfer is appropriate:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631(2000). Monday, March 5, 2001 was the date on which this action was filed in this court. In the circumstances of this case, the court finds it "in the interest of justice" to transfer the case to a court where it could have been brought when it was filed in this court.

The remaining question is the proper venue for the transfer of this action. Section 1631 permits a transfer to any court "in which the action … could have been brought at the time it was filed." 28 U.S.C. § 1631 (2000). Section 1391(e) of title 28 permits suits to be brought against the United States in any judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or … [where] the plaintiff resides." 28 U.S.C. § 1391(e)(2), (3) (2000). Venue is therefore appropriate in any district where one of those two requirements is met. Plaintiff shall, on or before March 22, 2001, file with this court a Motion for Transfer requesting that this court transfer this action to a specific, identified district court and briefly describing the reason under 28 U.S.C. § 1391(e) why venue is appropriate in that district court.

IT IS SO ORDERED.