# In the United States Court of Federal Claims

No. 12-723C

(Filed: July 3, 2013)

```
************************************    *
                                       *
MAJOR W.D. FOSTER,                     *
                                       *    Subject   Matter   Jurisdiction;
                                       *    Claim Under Traumatic Injury
                    Plaintiff,         *    Act,  38   U.S.C  §   1980A;
                                       *    Statutory Provision Designating
 v.                                    *    District Court Jurisdiction; *Sua*
                                       *    *Sponte* Transfer to a Court of
THE UNITED STATES,                     *    Appropriate   Jurisdiction,   28
                                       *    U.S.C. § 1631.
                    Defendant.         *
                                       *
************************************    *
```

*Susan L. Thompson*, with whom was *Joshua Flynn-Brown*, AMVETS Legal Clinic, Orange, California, for Plaintiff.

*Richard P. Schroeder*, with whom were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Steven J. Gillingham*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Major Wayne H. Williams*, U.S. Army Litigation Division, Fort Belvoir, Virginia, Of Counsel, for Defendant.

## OPINION AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

Plaintiff brought this action in the Court of Federal Claims for wrongful denial of benefits under the Servicemembers' Group Life Insurance Traumatic Injury Protection Program. Major W.D. Foster claims that he was improperly denied benefits for a traumatic injury he suffered while on active duty in the United States Army National Guard. Before the Court is Defendant's March 29, 2013 motion to dismiss for lack of subject matter jurisdiction, filed pursuant to Rule 12(b)(1) of this Court. Defendant contends that Plaintiff's action should have been brought in a federal district court.

Major Foster argues that the Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), in conjunction with the following statutes and implementing regulations: (1) the Traumatic Injury Act governing Traumatic Servicemembers' Group Life Insurance ("TSGLI"), 38 U.S.C. § 1980A and 38 C.F.R. § 9.20; and (2) the provisions governing Correction of Military Records, 10 U.S.C. § 1552(a)(1), (c), 32 C.F.R. § 581.3, and Army Regulation ("AR") 15-185. 38 U.S.C. § 1975 states that "[t]he district courts of the United States shall have original jurisdiction of any civil action or claim against the United States founded upon this subchapter [38 U.S.C. §§ 1965 through 1980A]." Defendant asserts that because a section 1980A TSGLI action falls within the subchapter encompassing sections 1965-1980A, 38 U.S.C. § 1975 requires this action to have been filed in a district court.

As set forth below, the Court agrees with Defendant, and concludes that this action should have been brought in a district court. Although the Court of Federal Claims lacks subject matter jurisdiction over this case, Plaintiff's claim meets the criteria for transfer to another court under 28 U.S.C. § 1631. Thus, rather than dismissing the case for lack of subject matter jurisdiction, the Court will transfer the case to a district court where the case could have been brought originally.

I.      Factual Background[1]

On November 3, 2007, as part of a mandatory biannual Army Physical Fitness Test at Craig Air Force Base, Alabama, Major Foster was expected to complete as many sit-ups as possible within two minutes. Compl. ¶ 27. While performing sit-ups on a mat embedded with rocks and pebbles, Major Foster experienced acute pain in his lower back. Id. at ¶ 29. After completing all portions of the mandated test, Major Foster lost sensation in his legs and was taken to a hospital. Id. at ¶¶ 29-30. Following a series of tests and evaluations by multiple doctors and specialists, Major Foster learned that he suffered permanent paralysis from the waist down caused by a spinal injury. Id. at ¶ 30.

On January 14, 2008, Major Foster applied for TSGLI benefits pursuant to 38 U.S.C. § 1980A and 38 C.F.R. § 9.20. Compl. ¶ 31. Citing lack of a qualifying traumatic event, the Office of Servicemembers' Group Life Insurance ("OSGLI") denied Major Foster's first application on March 18, 2008, as well as his second and third applications on April 23, 2008, and May 22, 2008, respectively. Id. After receiving the third denial letter, Major Foster appealed to the Army Board for Correction of Military Records ("ABCMR"). The ABCMR considered Major Foster's first and second appeals, but ultimately upheld the OSGLI findings. Id. at ¶ 34. The ABCMR found "there was

---

[1] The facts recited herein are taken from Plaintiff's amended complaint, which are assumed to be true for purposes of resolving the present motion. Plaintiff's amended complaint is cited throughout as "Compl. ¶ __."

insufficient evidence to conclude that a traumatic event caused [Major Foster's] paraplegia." Id. at ¶ 32. The ABCMR refused to review Major Foster's third appeal, explaining that while it would "not consider any future requests for reconsideration of this matter. . . . [Major Foster had] the option to seek relief in a court of appropriate jurisdiction." Compl. Ex. 2.

On October 25, 2012, Major Foster filed a complaint against the United States in the Court of Federal Claims. In response, the Government filed a motion to dismiss pursuant to Rule 12(b)(1), requesting this Court to dismiss Major Foster's complaint for lack of subject matter jurisdiction. Plaintiff responded to the Government's motion with an amended complaint on March 21, 2013 to which the Government filed a second motion to dismiss for lack of subject matter jurisdiction on March 29, 2013. Plaintiff then filed an opposition to Defendant's motion to dismiss on April 29, 2013 and the Government replied on May 23, 2013. The Court heard oral argument on June 28, 2013 in Washington, D.C.

II.     Standard of Review

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true the undisputed allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Jurisdiction is a threshold matter, however, and when the Government challenges it, the plaintiff bears the burden of establishing facts sufficient to demonstrate jurisdiction by a preponderance of evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court will grant a motion to dismiss for lack of subject matter jurisdiction when it is clear beyond a doubt that there is no set of facts the plaintiff could prove that would enable this Court to grant relief. See Frymire v. United States, 51 Fed. Cl. 450, 454 (2002).

III.    Discussion

In the Court of Federal Claims, "[b]ecause subject matter jurisdiction is a threshold matter, it must be established before the case can proceed on the merits." Sellers v. United States, 110 Fed. Cl. 62, 66 (2013) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998)). As the Court of Appeals for the Federal Circuit has asserted, "the statutory provision commonly known as the Tucker Act confers jurisdiction on the Court of Federal Claims 'to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress.'" Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1304 (Fed. Cir. 2008) (quoting 28 U.S.C. § 1491(a)(1)). However, since the Tucker Act itself does not create a substantive cause of action, "in order to come within the jurisdictional reach and the [sovereign immunity] waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law

3

that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

To establish jurisdiction in this Court, Major Foster relies on 38 U.S.C. § 1980A and 10 U.S.C. § 1552(a)(1) and (c) as governing Traumatic Servicemembers' Group Life Insurance and the Army Board for Correction of Military Records, respectively. Compl. ¶ 2. Section 1980A, the "[t]raumatic injury protection" component of the Servicemembers' Group Life Insurance subchapter spanning sections 1965-1980A, states that "[a] member of the uniformed services who is insured under Servicemembers' Group Life Insurance shall automatically be insured for traumatic injury in accordance with this section." §1980A(a)(1). Paraplegia is included in the list of qualifying traumatic injuries. §1980A(b)(1)(F).

Major Foster also relies on the accompanying "money-mandating" regulations, 38 C.F.R. § 9.20, and 32 C.F.R. § 581.3 and AR 15-185. Pl.'s Opp'n 4. Major Foster identifies 38 C.F.R. § 9.20 as governing the administration of section 1980A. Compl. ¶ 16. Although 38 C.F.R. § 9.20(i)(3)[2] states "[n]othing in this section precludes a member from pursuing legal remedies under 38 U.S.C. 1975," Major Foster argues that this language "indicates a clear intent not to preclude service members from seeking legal remedies for TSGLI in any court of appropriate jurisdiction, including *but not limited to* district court." Pl.'s Opp'n 14 (emphasis in original). Major Foster contends that such deliberate wording mandates a right to bring his claim in this Court. Id.

Major Foster argues that section 1980A, when coupled with 10 U.S.C. § 1552, establishes a substantive money-mandating statutory basis to invoke jurisdiction in this Court pursuant to the Tucker Act. Compl. ¶¶ 2-6; Pl.'s Opp'n 11. Section 1552 gives the Secretary of a military department the authority to correct military records, and when necessary "as a result of correcting a record," the authority to pay an amount due. Compl. ¶ 6 (citing 10 U.S.C. §1552(a)(1) and (c)). Although Plaintiff cites to multiple cases to support his position, Plaintiff's claim ultimately depends on a conjunctive reading of 38 U.S.C. §1980A and 10 U.S.C. § 1552(c) as the basis for the required money-mandating component for subject matter jurisdiction in this Court. Pl.'s Opp'n 6-14 (citing, *inter alia*, Fisher, 402 F.3d 1167).

Plaintiff reads Fisher as "precedent that supports a ruling that 10 U.S.C. § 1552(c) is a money-mandating statute." Pl.'s Opp'n 9. The Federal Circuit refers to section 1552 only once in Fisher by means of a parenthetical statement describing the statute as the "military correction board enabling statute." Fisher, 402 F.3d at 1171. The Federal Circuit's Fisher decision in fact focuses on 10 U.S.C. § 1201, holding that when section 1201 is coupled with the Tucker Act, subject matter jurisdiction is valid in the

---

[2] Plaintiff incorrectly cites to 38 C.F.R. § 9.20(h)(i)(3), which does not exist. Pl.'s Opp'n 14. The Court presumes Plaintiff's intention was to cite § 9.20(i)(3).

Court of Federal Claims.  Id. at 1184.  Plaintiff argues that the Federal Circuit's money-mandating interpretation of 10 U.S.C. § 1201 also applies to section 1552, thus conveying jurisdiction to this Court.  Pl.'s Opp'n 10.  However, Plaintiff goes on to argue that while section 1552 "empowers" the Secretary of a military department to correct military records, the payment of funds is "*compel[led]*" by 38 U.S.C. § 1980A and 38 C.F.R. § 9.20.  Pl.'s Opp'n 11 (emphasis in original).  Accordingly, Plaintiff asserts subject matter jurisdiction based on a combined reading of 38 U.S.C. § 1980A and 10 U.S.C § 1552.

The Government contends that section 1975, not section 1552, is the appropriate basis for determining jurisdiction.  Def.'s Reply 2.  The Government argues that section 1975 governs section 1980A because both are included within the Servicemembers' Group Life Insurance subchapter (38 U.S.C. §§ 1965-1980A).  Id. at 3.  38 U.S.C. § 1975, "Jurisdiction of District Courts," states that "[t]he district courts of the United States shall have original jurisdiction of any civil action or claim against the United States founded upon this subchapter."  The Government argues that because "Mr. Foster's claim is rooted in 38 U.S.C. § 1980A, and its implementing regulation, 38 C.F.R. § 9.20," and since "38 U.S.C. § 1975 controls jurisdiction for claims made pursuant to § 1980A," this Court does not have subject matter jurisdiction.  Mot. 6.

In United States v. Bormes, the Supreme Court held that "[t]he Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies."  Mot. 7 (citing 133 S.Ct. 12, 18 (2012)).  In this decision, the Supreme Court stressed that its "recent cases have consistently held that statutory schemes with their own remedial framework exclude alternative relief under the general terms of the Tucker Act."  Bormes 133 S.Ct. at 19 (citing, *inter alia*, Hinck v. United States 550 U.S. 501 (2007)).  In summary, the Court explained, its "precedents collectively stand for a more basic proposition: [w]here a specific statutory scheme provides the accoutrements of a judicial action, the metes and bounds of the liability Congress intended to create can only be divined from the statute itself."  Id. (footnote omitted).  Consequently, just as the Bormes plaintiff could not "mix and match FCRA's [Fair Credit Reporting Act] provisions with the Little Tucker Act's immunity waiver to create an action against the United States," Bormes, 133 S.Ct. at 19, neither can Major Foster "mix and match" 38 U.S.C. § 1980A, 10 U.S.C. § 1552, and the Tucker Act to claim that the Court of Federal Claims has jurisdiction over his case.

The Supreme Court further highlighted the primacy of statutory construction in Horne v. Department of Agriculture by explaining that "[t]o determine whether a statutory scheme displaces Tucker Act jurisdiction, a court must 'examin[e] the purpose of the [statute], the entirety of its text, and the structure of review it establishes.'"  133 S.Ct. 2053, 2062 (2013) (citing, United States v. Fausto, 484 U.S. 439, 444 (1988)).  If "statutory provisions afford . . . a ready avenue to bring [a claim]," those provisions effectively withdraw Tucker Act jurisdiction.  Id. at 2063.

Examining the full text of the statutory provisions in question, it is clear that 38 U.S.C. § 1975 provides a ready avenue for Major Foster to seek relief in a district court. As such, this Court does not have jurisdiction over Major Foster's claim. 38 U.S.C. § 1980A provides relief for service members who suffer a traumatic injury and are insured under Servicemembers' Group Life Insurance, as articulated in 38 U.S.C., Pt. II, Ch. 19, Sub.Ch. III §§ 1965 through 1980A. Section 1975 unequivocally states that "[t]he district courts of the United States shall have original jurisdiction of any civil action or claim against the United States founded upon this subchapter." It is therefore apparent that this Court lacks subject matter jurisdiction over Major Foster's claim.

In the interest of justice, the Court finds this case appropriate for transfer under 28 U.S.C. §1631. Under section 1631, this Court "shall . . . transfer [an] action" to a court of appropriate jurisdiction if it "finds that there is a want of jurisdiction" for a plaintiff's civil action. Three prerequisites exist for transferring a case to cure a want of jurisdiction: "(1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." Johnson v. United States, 105 Fed. Cl. 85, 91 (2012) (citing Zoltek Corp. v. United States, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (en banc)). In this instance, all three prerequisites are met. First, this Court lacks jurisdiction to hear Major Foster's claim. Second, pursuant to 38 U.S.C. § 1975, at the time of filing Plaintiff had the statutory right to bring his claim in a district court. Third, while the ABCMR responded to Plaintiff's third appeal by denying further reconsideration of his claim, the ABCMR's letter stated that Major Foster had "the option to seek relief in a court of appropriate jurisdiction." Compl. Ex. 2. As the potential for relief was plainly stated in the ABCMR's letter, it is in the interest of justice to allow Major Foster the opportunity to bring his action in a court of appropriate jurisdiction.

To determine the proper venue for the transfer of this action, the Court looks to 28 U.S.C. § 1391(e)(1), permitting "suits to be brought against the United States in any judicial district where 'a substantial part of the events or omissions giving rise to the claim occurred, or . . . [where] the plaintiff resides.'" Burger v. United States, 49 Fed. Cl. 10, 11 (2001). This Court has held that venue is appropriate "in any district where one of those two requirements is met." Id. In this case, Plaintiff should determine an appropriate district court where this case could have been brought initially, and advise the Court where it would like to have this case transferred.

### Conclusion

For the reasons set forth above, although Defendant correctly asserts that this Court lacks subject matter jurisdiction to address the merits of Major Foster's complaint, the Defendant's motion to dismiss is DENIED so the case may be transferred. Pursuant to 28 U.S.C. §§ 1631 and 1391(e)(1), Plaintiff shall file a motion identifying the district

court to which the case should be transferred. Plaintiff shall briefly describe the reason why venue is appropriate in the specified district court pursuant to 28 U.S.C. §1391(e)(1). Plaintiff shall file the motion to transfer within 14 days, on or before July 17, 2013.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge